## JAMES FOLTZ

*v.*

## JAMES B. STEVENS.

1. PLEADING—*declaration—whether upon a bond with a condition.* The first count in a declaration in debt described the instrument sued on as the writing obligatory of the defendant, sealed with his seal, whereby he acknowledged himself to be held and firmly bound unto the plaintiff in a certain sum of money : *Held,* the count declared upon a bond single for the payment of money, and not upon a bond with a condition. Nor did the count show the bond was taken by the plaintiff in an official capacity, so it did not fall within the rule that, in an action on an official bond, the condition must be set out and breaches assigned.

2. SAME—*declaring on official bond—misjoinder of counts.* Another count in the same declaration described the bond sued upon as the writing obligatory of the defendant, whereby he acknowledged himself bound unto the

plaintiff, "constable of Jasper county," with a condition that the defendant should, on a certain day, "deliver to the said constable, or to such other officer as might, by law, be entitled to receive the same," certain property which had been levied on under execution against a third person, and placed in the custody of defendant as a bailee. It was *held,* this count did not declare upon an official bond running to the plaintiff and his successors in office, and hence there was no misjoinder of this count with the former, which was upon a bond single for the payment of money.

3. BAILMENT—*property levied on under execution—trial of right of property.* Where an officer has levied an execution upon personal property, and placed the same in the hands of a third person merely as a bailee, the fact that a person other than the defendant in execution procures a trial of the right of property to be had, under the statute, which results in favor of the claimant, will not justify such bailee in refusing to deliver the property to the officer who placed it in his custody, according to the terms of the bailment.

4. In such case, the finding on the trial of the right of property would not authorize the bailee to surrender the property to the claimant, but he should, notwithstanding such finding, return the property to the officer.

5. TRIAL OF RIGHT OF PROPERTY—*its effect and object.* The object of a trial of the right of property, under the statute, is merely to furnish an indemnity to the officer in case he disposes of the property in conformity with the verdict; but the officer may, notwithstanding a verdict for the claimant, retain and sell the property at his peril, if he choose to do so, though, in such case, the only safe course for the officer is to surrender it.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. HIRAM B. DECIUS, Judge, presiding.

This was an action of debt, brought by Foltz against Stevens. The following is the declaration:

STATE OF ILLINOIS, } ss.  In the Circuit Court.
   JASPER COUNTY. }
To March Term, 1870.

James Foltz, the plaintiff in this suit, complains of James B. Stevens, the defendant, of a plea that he render to the plaintiff, for the use of John H. Halley, the sum of ninety dollars, which he owes and unjustly detains from him. For that, whereas, the defendant heretofore, to-wit: On the thirtieth (30th) day of September, A. D. 1869, at said county, by his

certain writing, obligatory, sealed with his seal, and now here to the court shown, the date whereof is the day and year aforesaid, acknowledged himself to be held and firmly bound unto the plaintiff in the sum of ninety dollars above demanded, to be paid to the plaintiff. Yet the defendant, although often requested so to do, hath not as yet paid the sum of ninety dollars above demanded, or any part thereof, to the plaintiff, but hath neglected and refused, and still neglects and refuses so to do.

And for that, whereas, also, the said defendant, on the day and year aforesaid, at the county aforesaid, made his writing obligatory, sealed with his seal and here in court to be produced, and then and there delivered the same to the plaintiff, whereby the said James B. Stevens, by the style and description of J. B. Stevens, acknowledged himself held and firmly bound unto James Foltz, constable of Jasper county, Illinois, in the sum of ninety dollars, for the payment of which he bound himself firmly, to be paid to the plaintiff. Which said writing obligatory was subject to a condition, thereunder written, whereby it was provided that if the said James B. Stevens, the defendant, should, on the fifteenth day of October, A. D. 1869, between the hours of nine of the clock in the forenoon and four of the clock in the afternoon of said day, deliver to the said constable, or to such other officer as might, by law, be entitled to receive the same, the following described property, taken under execution in favor of John H. Halley, against one J. W. Hitchcock, to-wit: One bedstead, one lounge and bedding for two beds, one stand, one cooking stove and utensils, one table and chairs, then the said writing obligatory was to be void, otherwise to remain in full force and effect, as by said writing obligatory here shown to the court will appear. Yet the said plaintiff says that said defendant did not, on the fifteenth day of October, A. D. 1869, between the hours of nine o'clock in the forenoon and four o'clock in the afternoon of said day, nor did he at any other time, deliver to the said plaintiff, constable, as aforesaid, nor to any other officer entitled to receive the same,

the said goods and chattels, nor any part thereof, according to the effect and tenor of said writing obligatory, and the said writing obligatory remains in full force and effect; whereby, and according to the term, and effect of said writing obligatory, an action hath accrued to the plaintiff to demand and have of the defendant the sum of ninety dollars. Yet the defendant, though often requested so to do, has not as yet paid the said sum of ninety dollars, or any part thereof, to the damage of the plaintiff of ninety dollars. Therefore he brings suit.

To which there was a general demurrer, which was sustained by the court, as to the first count, and overruled as to the second.

The defendant filed the general issue and three special pleas, to all of which a general demurrer was filed, which was sustained as to all of said special pleas, except the third, which is as follows :

3. And for further plea in this behalf, defendant says *actio non*, because he says that after the execution of the supposed writing obligatory in said plaintiff's declaration mentioned, one Martha Hitchcock gave the said plaintiff, then being constable, notice that she claimed the property in said supposed writing obligatory and said plaintiff's declaration mentioned, and that she would prosecute the claim. Whereupon said plaintiff appointed trial of right of property before W. H. Wade, J. P. who issued said execution in said writing obligatory mentioned, when, upon said trial before said justice of the peace and a jury, the said jury returned a verdict that, we, the jury, find the said property belonging to the said Martha Hitchcock. Upon which verdict the said justice of the peace entered a judgment for said claimant, Martha Hitchcock. ' And said defendant avers that said John H. Halley, for whose use this suit is brought, and who was plaintiff in the execution in the said writing obligatory mentioned, took an appeal to the circuit court of said county, from said judgment in the trial of the

said right of property, and dismissed his said appeal, and this the said defendant is ready to verify, wherefore he prays judgment, etc.

The following is the bond executed by the defendant, Stevens:

Know all men by these presents : That we, James B. Stevens, are held and firmly bound unto J. Foltz, constable of Jasper county, Illinois, in the sum of ninety dollars, to the payment of which we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

Witness our hands and seals, this thirtieth day of September, A. D. 1869.

But if the said J. B. Stevens shall, on the fifteenth day of October, 1869, between the hours of nine o'clock A. M. and four o'clock P. M. of said day, deliver to said constable, or to such other officer as may be, by law, entitled to receive the same, the following described property taken under execution in favor of John H. Halley, and against the said J. W. Hitchcock, to-wit : One bedstead, one lounge and bedding for two beds, one stand, one cooking stove and utensils, one table and chairs, then the above obligation to be null and void, otherwise to remain in full force and effect.

Judgment being rendered in favor of the defendant for costs, upon overruling the demurrer to the third plea, the plaintiff sued out this writ of error.

Mr. JOHN H. HALLEY, for the plaintiff in error.

Mr. B. B. SMITH, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action of debt, in which the court sustained a demurrer to the first count of the declaration, and overruled a

demurrer to the third plea. These rulings of the court are assigned for error.

The errors are well assigned. The first count merely declares upon a bond single for the payment of money, and contains nothing from which it could be inferred a condition was annexed to the bond. Neither does the count show the bond was taken by the plaintiff in an official capacity, and hence does not fall within the case of *Patrick* v. *Rucker*, 19 Ill. 439. Neither does the other count in the declaration declare upon an official bond running to the plaintiff and his successors in office, and hence there was no misjoinder of counts. The demurrer to the first count should have been overruled.

The second count sets out, as a condition of the bond, that the plaintiff, as constable, had levied an execution upon certain personal property, and had delivered it to the defendant, Stevens, who was not the defendant in the execution, and that upon his return of the property by a certain day the bond was to be void. The third plea sets up a claim made upon the plaintiff by one Martha Hitchcock, for the delivery of the property, a trial of the right of property, and a verdict and judgment for the claimant.

This plea does not present a good defense to the second count. It does not even aver that the defendant surrendered the property to the claimant under the verdict and judgment; but even if it had gone to that extent, it still would have been insufficient. The defendant held the property merely as bailee of the plaintiff, to be returned to him on a particular day, and the mere fact that, in a trial between the plaintiff and a third person, the property had been proved to belong to such third person, did not authorize the defendant to surrender the property to such claimant without the authority of the plaintiff. The object of a trial of the right of property, as clearly shown by the language of the statute, and as held by this court in *Rowe* v. *Bowen*, 28 Ill. 120, is merely to furnish an indemnity to the officer in case he disposes of the property in conformity with the verdict. But where the verdict is for the claimant, although

the prudent and only safe course for the officer is to surrender the property, yet the statute does not require him to do so. He may still retain and sell the property at his peril, if he choose to do so, and it is not for his bailee to determine this question for him. The defendant was in no peril. He could have relieved himself of all liability by delivering the property back to the plaintiff, leaving to him to determine what course to pursue under the finding of the jury.

The judgment is reversed and the cause remanded.

*Judgment reversed.*