## CHARLES HIBBARD

*v.*

## EMMA E. THRASHER.

1. TRESPASS—*levying upon stranger's property—return in obedience to verdict for claimant no justification.* Where a constable levied upon property not belonging to the defendant in the execution, and after a trial of the right of property, resulting in a verdict for the claimant, he returned the same to the owner, and when sued in trespass for the wrongful taking, asked the court to instruct the jury that his return of the property in obedience to the verdict was a complete indemnity to him against the trespass: *Held,* that such an instruction was properly refused, as the verdict was an indemnity to him only for the return he might make on the execution, but not as against the trespass.

2. TRIAL OF RIGHT OF PROPERTY—*splitting of cause of action.* Where the claimant of property levied upon by an officer under execution against another, recovered a verdict in his favor on a trial of the right of property, upon which it was returned to him, and then sued the officer in trespass for the wrongful taking, it was urged that the plaintiff could not split his cause of action, and, having had one action whereby he recovered the property, he could not maintain trespass against the officer: *Held,* that the trial of the right of property was not an action in any sense of the term, and a verdict for the claimant was no bar to the action of trespass.

APPEAL from the County Court of La Salle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

Messrs. STIPP & BOWEN, for the appellant.

Mr. HENRY GUNN, and Messrs. MAYO & WIDMER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Appellant was a constable in LaSalle county. An execution came to his hands in favor of one Swartz, against Pliny Thrasher, which he levied upon two horses and sixty acres of growing corn. Appellee notified him that the property was her's, and a jury was called to determine the question, who found a verdict in favor of the claimant, whereupon the constable, having kept the horses six days, returned the same to appellee.

She afterwards brought an action of trespass against appellant, on the trial of which the above facts were admitted. Appellant asked the court to instruct the jury, in substance, that the verdict of the jury and the return of the property to the owner in obedience thereto, was a complete indemnity to him against the trespass complained of, and that the jury must find the defendant not guilty, and that these facts constitute, in law, a bar to this action.

The court refused so to charge, and therein decided correctly. No authority for such a proposition can be found in any book. The verdict of the jury was an indemnity to the officer for the return he might make on the execution—nothing more. It did not atone for the trespass. An officer seizes property at his peril, and if he errs he must take the consequences.

Something is said about splitting causes of action, and it is argued that appellee has had one action in the trial of the right to the property. That trial was not an action, in any sense of the term, nor was the constable a party. It was a

contest between the execution creditor and the claimant. It is needless to cite authorities on the point. The object of a trial of the right of property under the statute is merely to furnish an indemnity to the officer in case he disposes of the property in conformity with the verdict; but the officer may, notwithstanding a verdict for the claimant, retain and sell the property at his peril, if he chooses to do so. *Foltz* v. *Stevens*, 54 Ill. 180.

It is absurd to suppose the claimant can not have his action against the officer for taking his property and depriving him of the use of it. The officer acts at his peril.

The judgment must be affirmed.

*Judgment affirmed.*