JOHN JONES ET AL.

V.

THE PEOPLE, ETC.

1. BREACH OF SHERIFF'S BOND—LEVY.—The levy by a sheriff upon the property of B, by virtue of a writ against A, is a breach of his bond.

2. ACTION ON SHERIFF'S BOND—JUDGMENT ON TRIAL OF RIGHT OF PROPERTY.—Where a party whose goods the sheriff had levied upon by virtue of a writ against another person chose the remedy of a trial of the right of property which was appealed several times but found in the claimant's favor brought an action of debt on the official bond of the sheriff, and on the trial of such action the record of the proceedings in the trial of the right of property was introduced in evidence against defendant's objection, and the court instructed the jury that the judgment therein was conclusive of the right of plaintiff in this case, *held*, that this was error.

3. DAMAGES.—In such case it was error to instruct the jury that they should allow the plaintiff as damages the expenses incurred by her in the trial of the right of property, including attorney's fees, traveling and hotel expenses, and all costs, including the expense of printing briefs, etc., in the appellate court.

4. SAME.—As a general rule the value of the property and interest will furnish the true measure of damages. Items like the above are not ordinarily allowable even in actions in form *ex delicto* unless there is an admixture of fraud, malice, or other such sinister motive as would furnish ground for vindictive or punitory damages.

APPEAL from the Circuit Court of Green county; the Hon. G. W. HERDMAN, judge, presiding. Opinion filed February 25, 1886.

Mr. JAMES R. WARD, for appellants; that plaintiff, by her election, has waived all other remedies, cited Karr v. Barstow, 24 Ill. 581; Kreuchi v. Dehler, 50 Ill. 177; Harrison v. Singleton, 2 Scam. 22; Derickson v. Krause, 4 Bradwell, 507; Merricks v. Davis, 65 Ill. 319.

As to measure of damages: Sutherland on Damages, Vol. I, 117, Vol. II, 32; Lawrence v. Hagerman, 56 Ill. 76; Daviss v. Crow, 7 Blackf. 129; Bates v. Courtwright, 36 Ill. 518.

Plaintiff had no right of action upon the sheriff's bond: State v. Conover, 4 Dutcher, 224; South v. Maryland, 18

How. (U. S.) 396; State v. Long, 8 Iredell, 415; State v. Brown, 11 Iredell, 141; Gerber v. Ackely, 32 Wis. 233; McElhaney v. Gilleland, 30 Ala. 183; Brown v. Mosely, 11 S. & M. 354; Jenkins v. Lomonds, 29 Ind. 294; Carey v. States, 34 Ind. 105.

Mr. MARK MEYERSTEIN, for appellees; that plaintiff had a remedy on the sheriff's official bond, cited Horan v. People, 10 Bradwell, 21; People v. Robinson, 89 Ill. 159; Walsh v. People, 6 Bradwell, 204; 2 Sutherland on Damages, 31.

As to damages: Sutherland on Damages, Vol. I, 106, 142; Vol. II, 61.

WALL, P. J. This was an action of debt on the official bond of a sheriff. The breach complained of was that the sheriff, having a writ of attachment at the suit of Geiseke, Mysenburg & Co., against the property of one James W. Israel, levied upon the property of Elizabeth Israel, for whose use this suit is brought.

A trial by jury resulted in a verdict for the plaintiff, the damages being assessed at $622.05.

A motion for a new trial was overruled, and judgment was entered upon the verdict.

It is objected, first, that the cause of action here set up can not be maintained upon the official bond of the sheriff and his sureties. There is some conflict of authority on the question, but we are inclined to think the weight of authority, as well as sound reason, will support the view that the levy by a sheriff upon the property of B, by virtue of a writ against A, is a breach of his bond. Walsh v. The People, etc., 6 Bradwell, 204; Horan v. The People, etc., 10 Bradwell, 21.

The record shows that after the levy had been made, notice was given the sheriff by said Elizabeth Israel that she claimed the property, and the sheriff thereupon notified the county judge, and the necessary steps having all been taken, there was a trial of the right of property in which the jury found for the claimant, from which an appeal was taken by the attachment creditors to the circuit court, where the case was again

tried, resulting the same way, and an appeal was then taken to this court, when the judgment of the circuit court was affirmed.

Pending these trials the property remained in the custody of the sheriff, and until the affirmance in this court, when it was restored to the claimant.

On the trial of the present case the record of the proceedings in the trial of the right of property was introduced in evidence against the objection of the defendant, and the court instructed the jury that the judgment therein was conclusive of the right of the plaintiff in this case. This was error. The sheriff was not a party in a legal sense to that proceeding, and while he would have been protected in selling the property by a decision adverse to the claimant, yet he is not bound by a decision the other way. This point was so ruled expressly in Whitaker v. Wheeler, 44 Ill. 440, where the judgment was reversed for the error of the circuit court in admitting the record of such a proceeding in evidence, in an action of trover against the sheriff. See, also, Foltz v. Stevens, 54 Ill. 180; and Hubbard v. Thrasher, 65 Ill. 479, where it was said that notwithstanding the verdict for claimant the officer may, at his peril, retain and sell the property if he chooses to do so.

These decisions were under a former statute where the trial was before the sheriff and a jury, but we think the change in the law whereby the trial is to be had before the county judge and a jury has not changed the rule stated.

The plaintiff was permitted in this case to prove, and the jury were instructed that they should allow to the plaintiff as damages, the expenses incurred by her in the trial of the right of property, including attorney's fees, traveling and hotel expenses, and all costs, including the expense of printing briefs, etc., in the appellate court.

It is a general rule that the true measure of damages is compensation for the direct injury sustained, remote and consequential damages not being allowed.

In an action on a contract the successful party recovers only such costs as are taxable under the statute. He can not usually

have an allowance for his loss of time and expense in prosecuting the demand or making the defense as the case may be, and the expense for service of attorneys stands upon the same ground as the other personal expenses of the party not embraced in the list of taxable cost.

Legal relief is at best imperfect; it is not usually designed to furnish complete and perfect indemnity, and it may well be doubted whether a sound public policy would be subserved if absolute indemnity were given since thereby a great and even dangerous stimulant would be furnished to litigation.

A defendant should have the same hope of indemnity in this respect as the plaintiff. In certain exceptional cases the law provides for such indemnity by requiring bond and security, but we think it may be stated as a general rule that such items are not ordinarily allowable even in actions in form *ex delicto* unless there is an admixture of fraud, malice or other such sinister motive as would furnish ground for vindictive or punitory damages.

In the present instance the owner of the property might have replevied, and in that proceeding could have recovered damages for the detention of the goods, or she might have brought trover or trespass against the sheriff, but in neither of these actions could she have been allowed for counsel fees or personal expenses without showing such a case as would warrant vindictive damages. The law will not sustain her in accomplishing such a result in the indirect way here attempted. Harris v. Eldred, 42 Vt. 39.

She had the legal right to resort to the remedy of a trial of the right of property. The sheriff could not prevent the parties in that proceeding from taking the case by appeal from one court to another, but his liability ought not thereby to be enhanced.

Had he sold the property and been sued in trespass he would have been liable, ordinarily, for only the value of the property and interest from the time it was taken. In this case, having returned the property, he would be liable for the damages sustained to the same while in his possession and interest on the property while the plaintiff was deprived of the use of it.

Jones v. The People.

Where a stock of goods is wrongfully taken, thereby stopping the business of the owner, it would seem that something in addition should be allowed for the direct loss produced; but this would not include loss of profit which is too speculative though it might include immediate loss in rent of property not occupied, though necessarily paid for, and possibly other like items depending on the special facts of the case. As a general rule, however, the value of the property and interest will furnish the true measure of damages. In support of the views here stated reference may be had to Sedgwick on the Measures of Damages, Chap. III, and the authorities cited in the text and notes. See also Pacific Insurance Co. v. Conard, 1 Baldwin, 138, quoted at length in Sedgwick, marg. p. 532. See also Field on the Law of Damages, Secs. 768 and 792. Counsel call attention to an expression in Sutherland on Damages, seeming to sustain the position of plaintiff here.

The statement of the rule by that author, if it refers to cases where the defendant is liable for punitive damages, agrees with the view we have taken following the doctrine as laid down in Sedgwick. The Illinois cases cited in the note are cases of that sort.

We are at a loss to see upon what ground of principle the sheriff could be held for damages beyond the measure allowable in trover or trespass, unless he has been guilty of malice or fraud, or some oppressive act for which exemplary damages should be assessed; and in this action, where it is sought to hold his sureties also, they may perhaps insist that in no event should they be so held, certainly not upon the facts appearing in the record now before us. We deem it unnecessary to notice in detail all the points presented in the brief. For the errors above indicated the judgment will be reversed and the cause remanded.

Reversed and remanded.