# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1902.

### First National Bank et al. v. Fidelity & Deposit Co.

1. CONTRACTS—*Measure of Damages for Breach.*—In actions to recover damages for the breach of contracts, the law does not aim at complete compensation for the injury sustained, but it seeks rather to divide than to satisfy the loss; and where no question of fraud, malice or oppression arises, the direct pecuniary damages with costs of the litigation form the measure of relief. In other words, the law refuses to take into consideration any damages remotely resulting from the acts complained of. In such actions the successful party recovers only such costs as are taxable under the statute. He can not usually have an allowance for his loss of time and expense in prosecuting the demand or making the defense as the case may be, and the expense for service of attorneys stands upon the same ground as the other personal expenses of the party not embraced in the list of taxable costs.

Debt, upon an appeal bond. Appeal from the Circuit Court of Montgomery County; the Hon. TRUMAN E. AMES, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

MILLER & MILLER and ZINK, JETT & KINDER, attorneys for appellants.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.
This was an action of debt upon an appeal bond, commenced in the Circuit Court of Montgomery County, March 20, 1901, by the appellants, the obligees named in the bond,

(367)

against the appellee, one of the obligors thereof, to recover
as damages the cost of counsel and printing their briefs in
defending the case on the appeal for which the bond was
given, and interest on the fund, which it is claimed appel-
lants were kept from receiving by reason of the appeal,
from the time it was taken until it was disposed of by the
Appellate and Supreme Courts. The bond is as follows:

"Know all Men by these presents, That we, Desnoyers
Shoe Company and Fidelity & Deposit Company of Mary-
land, are held and firmly bound unto the First National
Bank of Litchfield, Monark Rubber Company, Geisecke
Boot and Shoe Manufacturing Company, David R. Kinder,
Edwin R. Elliott, Kate E. Bolton, Maria Goodall, A. E.
Nettleton, Frank N. Tuttle and Henry Tuttle, in the penal
sum of five hundred dollars, for the payment of which well
and truly to be made, we and each of us bind ourselves,
our heirs, executors and administrators, jointly and sever-
ally, firmly by these presents. Sealed with our seal and
date this 22d day of December, in the year of our Lord one
thousand eight hundred and ninety-eight.

The condition of the above obligation is such, that
whereas, on the first day of December, one thousand eight
hundred and ninety-eight, at a term of the Circuit Court
then being holden within and for the county of Mont-
gomery, in the State of Illinois, the court vacated, set aside
and held for naught a certain judgment entered by confes-
sion in vacation after the April term, A. D. 1898, of the
said Circuit Court of Montgomery County, Illinois, to wit,
on the sixteenth day of December, 1898, in favor of Des-
noyers Shoe Company and against Henry G. Tuttle, for the
sum of fifteen hundred and sixty-three dollars and seventy-
four cents (besides costs of suit), and held that the First
National Bank of Litchfield, Monark Rubber Company,
Geisecke Boot & Shoe Manufacturing Company, David R.
Kinder, Edwin R. Elliott, Kate E. Bolton, Maria Goodall,
A. E. Nettleton, Frank N. Tuttle and Henry G. Tuttle were
entitled to priority over the Desnoyers Shoe Company in
the proceeds of the sale of the goods and chattels of Henry
G. Tuttle, sold by virtue of several executions in the hands
of the sheriff of said Montgomery county, Illinois, from
which order of the said Circuit Court of Montgomery
County, Illinois, the Desnoyers Shoe Company has prayed
for and obtained an appeal to the Appellate Court for the
Third District of this State.

Now if the said Desnoyers Shoe Company shall duly prosecute said appeal, and shall moreover pay the amount of the costs to be rendered against it, the said Desnoyers Shoe Company, in case the said order of the said Montgomery County, Illinois, Circuit Court shall be affirmed in the said Appellate Court, and shall moreover severally pay any and all damages sustained by the said The First National Bank of Litchfield, Monark Rubber Company, Geisecke Boot & Shoe Manufacturing Company, David R. Kinder, Edwin R. Elliott, Kate E. Bolton, Maria Goodall, A. E. Nettleton, Frank N. Tuttle and Henry G. Tuttle, by reason of the wrongful prosecution of this appeal, then the above obligation to be null and void; otherwise to remain in full force and virtue.

In testimony whereof, the said Desnoyers Shoe Company has caused this instrument to be signed by its president and attested by its secretary and its corporate seal to be hereto affixed, and the said Fidelity & Deposit Company of Maryland has caused these presents to be executed on its behalf by a member of its local board of directors, and attested by its agents with its corporate seal hereto affixed, all done this 22d day of December, 1898.

DESNOYERS SHOE COMPANY,<br>By J. B. Desnoyers, Prest.

Attest:   CELBY BARNES, Secretary.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

[SEAL.]                         By C. Wiggins,

Member of Local Board of Directors.

Attest:   W. H. McLARAN, Agent."

The judgment of the court referred to in the bond and sought to be reversed by the appeal which the shoe company prosecuted to this court for that purpose, was entered by the Circuit Court of Montgomery County, Illinois, on December 1, 1898, in an application which the sheriff of that county, the appellants and the Desnoyers Shoe Company made to the court to determine (among other things) the conflicting claims of the shoe company and the appellants, other than Henry G. Tuttle, in and to a fund of $1,726, which was the proceeds of the sale of certain goods and chattels of said Henry G. Tuttle which the sheriff had taken and sold by virtue of certain executions against him, one from the Circuit Court of Montgomery County, Illinois,

upon a judgment entered in vacation in favor of said Desnoyers Shoe Company for $1,563.74 and costs, received by the sheriff at 2 o'clock P. M., September 16, 1898; two from same court upon judgments in favor of said First National Bank aggregating $551.75 and costs, received by the sheriff at 7:30 o'clock A. M., September 26, 1898; one from the same court upon a transcript judgment of a justice of the peace in favor of said Monark Rubber Company for $200 and costs, received by the sheriff at 3:10 o'clock P. M., October 1, 1898; one from same court upon a transcript judgment of a justice of the peace in favor of said Geisecke Boot & Shoe Manufacturing Company for $149.95 and costs, received by the sheriff at 3:10 o'clock P. M., October 1, 1898; one from the City Court of the city of Litchfield in Montgomery county, Illinois, upon a judgment in favor of said David R. Kinder, for $250 and costs, received by the sheriff at 7:06 P. M., October 10, 1898; one from the same court upon a judgment in favor of said A. E. Nettleton for $242.85, received by the sheriff at 10:55 o'clock, October 11, 1898; one from same court upon a judgment in favor of said Edwin R. Elliott for $722.35 and costs, received by the sheriff at 10:50 o'clock A. M., October 11, 1898, and one from the same court upon a judgment in favor of said Frank N. Tuttle for $302 and costs, received by the sheriff at 11:55 A. M., October 11, 1898.

After hearing the application, the court (among other things) adjudged that the execution in favor of the Desnoyers Shoe Company was void for the reason that no proper proof was made of the execution of the power of attorney to confess the judgment in vacation upon which it was issued, and ordered the sheriff to pay the proceeds upon the other executions, beginning with the first one received, then the next, and so on until the same (less the costs of taking and selling the goods and chattels) was exhausted; from which judgment and order the shoe company alone prayed for and was allowed an appeal to this court, and to effect which it gave said bond and then pros-

ecuted its appeal, but failed to secure a reversal of the judgment and order which was affirmed by this court June 12, 1900 (89 Ill. App. 579); and upon further appeal to the Supreme Court by the shoe company, our judgment was, on December 20, 1900, affirmed (188 Ill. 312).

The fund in question was deposited by the sheriff in the First National Bank of Litchfield, Illinois, to his credit, before such application was made to the court, and it remained there to his credit until January 21, 1901, when he paid off the executions in favor of the First National Bank, Monark Rubber Company, Geisecke Boot and Shoe Manufacturing Company, and David R. Kinder, with interest computed thereon up to the time of paying same, which exhausted the fund. From the time the application was made to the court until the fund was paid out, none of the appellants requested the sheriff to pay any of it upon any of the executions.

A part of the appellants each paid their proportionate part of $100 for fees earned by counsel in defending the appeal for them and also $30 for printing the briefs of such counsel, and some of the other appellants, whose executions were not paid on account of the fund being insufficient to reach them, were severally damaged to the extent that the fund was depleted by the payment therefrom of interest upon the amount of the respective executions which it paid for the time the appeal was pending in this and the Supreme Court, during which time the fund bore no interest.

The declaration sets out the bond *in haec verba* and alleges:

* * * "by which writing obligatory the defendant severally acknowledged itself to be held and firmly bound unto the plaintiffs, the said First National Bank of Litchfield, Monark Rubber Company, Geisecke Boot & Shoe Manufacturing Company, David R. Kinder, Edwin R. Elliott, Kate E. Bolton, Maria Goodall, A. E. Nettleton, Frank N. Tuttle and Henry G. Tuttle, in the sum of $500, according to the tenor and effect of the said writing obligatory. And that afterward * * *

to wit, on June 12, 1900, by the consideration of said Appellate Court the said judgment and order in the said writing obligatory mentioned was affirmed and the plaintiffs recovered costs against the said Desnoyers Shoe Company.

"That the said Desnoyers Shoe Company further appealed in said cause to the Supreme Court of the State of Illinois, and on the — day of ——— in the year 1899, by the consideration of the said Supreme Court, the said judgment in the said writing obligatory mentioned was again affirmed, as well also as the judgment of the said Appellate Court; and * * * that by reason of the prosecution of the said appeal, they (plaintiffs) were each. severally damaged by reason of being deprived of a large amount of interest upon moneys due the said plaintiffs severally, caused by said appeal, which delayed and kept the plaintiffs from receiving said sums which they were entitled to receive for long spaces of time, to wit, for the space of three years, which interest amounts to a large sum of money, to wit, the sum of five hundred dollars; that the said plaintiffs, by reason of the said appeal, severally sustained damages by reason of moneys paid ont for printing briefs and abstracts in and about defending the said appeal, amounting to a large sum of money, to wit, the sum of two hundred dollars; that the said plaintiffs sustained further damages by reason of the prosecution of the said appeal by the said Desnoyers Shoe Company in a large sum of money, to wit, the sum of five hundred dollars paid out and expended by the plaintiffs for attorneys and counselors' fees in defending the said appeal both in the Appellate Court, and the Supreme Court; that neither of said sums of money for interest, printer's bill, or attorney and counsel fees, have been paid to the plaintiffs as provided in the said writing obligatory or interest thereon, or any part thereof, whereby an action has accrued to the plaintiffs to demand from the defendant the sum of five hundred dollars." And then charges that "the defendant, though requested, has not paid the said sums of money or any part thereof to the plaintiffs, but refuses to do so, to the damage of plaintiffs of five hundred dollars, and therefore they bring their suit," etc.

The pleas were *non est factum, non damnificatus* and a general denial of each fact charged as a breach of the bond. Issue was joined on the pleas and a trial had before the court without a jury by consent of parties,

and the court found for the defendant and gave judgment in bar of the action. The plaintiffs excepted to such finding and judgment, prayed for and were allowed an appeal to this court, and to effect a reversal of the judgment, argue in this court that the judgment is against the evidence and the law applicable thereto.

It is contended that by the express terms of the bond, the appellee covenanted with the appellants that the shoe company should prosecute its appeal and pay the costs rendered against it in case the judgment and order appealed from should be affirmed by this court, and also that the shoe company should pay any and all damages severally sustained by the appellants by reason of the wrongful prosecution of the appeal; that the declaration charges that the judgment and order was affirmed by this court; and that the appellants were severally damaged by reason of the wrongful prosecution of the appeal to the extent of certain moneys paid out by them respectively for counsel fees and printing briefs for defending the appeal in this court, and that they were severally deprived of the interest on the fund from the time the appeal was taken until the fund was paid on the executions.

And in support of the judgment involved in the case at bar it is insisted that by the terms of the bond the appellee did not *expressly* undertake that the shoe company should pay interest, counsel fees, or for the printing of briefs if the judgment and order mentioned in the bond was affirmed, or the prosecution of the appeal was wrongful, but only that it should "pay the amount of costs to be rendered against it * * * in case * * * said order of the said * * * Circuit Court shall be affirmed in the said Appellate Court, and shall moreover severally pay any and all damages sustained by the said (appellants) by reason of the wrongful prosecution of this appeal;" and that the language of the undertaking does not include interest on the fund, fees paid counsel or for printing briefs. when strictly construed in favor of the appellee, who being surety, is not liable beyond the precise terms

of the undertaking; or if such interest, fees and printing bill could be included in the terms of the undertaking, still the appellants can not recover in this action because the declaration charges (as they insist) that the appellees· *jointly* sustained the damages claimed, whereas the evidence shows they sustained them severally.

In actions to recover damages for the breach of contracts, the law does not aim at complete compensation for the injury sustained; but it seeks rather to divide than to satisfy the loss, and where no question of fraud, malice, or oppression arises, the direct pecuniary damages with costs of the litigation form the measure of relief. In other words, the law refuses to take into consideration any damages remotely resulting from the acts complained of. Sedgwick on Damages, 6th Ed., 56.

In such actions "the successful party recovers only such costs as are taxable under the statute. He can not usually have an allowance for his loss of time and expense in prosecuting the demand or making the defense as the case may be, and the expense for service of attorneys stands upon the same ground as the other personal expenses of the party not embraced in the list of taxable costs." Jones v. The People, 19 Ill. App. 300.

And we are of opinion that a proper construction of the language used by the parties to the bond does not indicate that they intended that the appellants should be indemnified by the bond beyond such compensation as is usually allowed for the non-compliance of contracts fairly made, or duties which ought to be performed, and the non-performance of which produces loss to others not in fault; and no such fraud, malice or oppression exists as to call for exemplary damages; and that the shoe company by litigating its claim to the fund under its execution, even to the extent of prosecuting the appeal to this court, under the circumstances, should not be and was not required to give a bond that it should pay the cost of opposing counsel or of printing their briefs or the payment of interest on the fund pending the appeal, when the effect of the

. appeal was not to place the money in possession of the shoe company, but to leave it in the sheriff's hands where it rightfully was at the time such claim was made, and remained until the appeal was disposed of. Van Gordon v. Ormsby, 60 Iowa, 510.

The cases cited by counsel for appellants, in which the court allowed for opposing counsel, or interest and the like, held the obligees upon penal bonds by reason of some statute allowing such, or the language of the undertakings more clearly showed that such were intended to be covered than the language of the undertaking in question in the case at bar.

The other points raised and discussed by counsel will not be considered for the reason that the conclusion we have reached as above stated, is sufficient to affirm the judgment, which is therefore accordingly done.