Felix Matarrese, Appellee, v. Attillio Monaco and Hartford Accident and Indemnity Company, Appellants.

Gen. No. 37,251.

458

Heard in the first division of this court for the first district at the December term, 1933. Opinion filed April 2, 1934. Rehearing denied April 16, 1934.

ABRAMS, SHERMAN & LEWIS, for appellants; IRVING S. ABRAMS, of counsel.

ROCCO DE STEFANO, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants on a bond executed by them in appealing from a judgment for costs entered by the municipal court of Chicago in favor of plaintiff and against defendant Attillio Monaco. There was a trial without a jury and a finding and judgment in plaintiff's favor for $150, and the defendants appeal.

The record discloses that Attillio Monaco brought suit against Felix Matarrese in the municipal court of Chicago, and after the issues were joined there was a

jury trial and a verdict finding the issues against the plaintiff; judgment was entered on the verdict and Monaco appealed to this court. The appeal bond on which the instant case is brought was executed by the defendants, Monaco as principal, and the Hartford Accident & Indemnity Co. as surety. Monaco failed to file his abstracts and briefs as required by the rules of this court, whereupon Matarrese moved this court to dismiss the appeal and for $150 damages, claiming he had become liable to pay his counsel this amount for services rendered in following the appeal, which was the reasonable and customary charge for such services. At the same time Monaco made a counter motion to dismiss his appeal, which was allowed, the appeal dismissed, and afterward this suit was instituted on the appeal bond.

On the trial plaintiff offered evidence from which the court might well find, as it apparently did, that the services rendered by counsel for plaintiff in following the appeal prosecuted by Monaco to this court, as above stated, were reasonably worth $150 and that plaintiff had become liable to his counsel for this amount. Most of the trial in the instant case, however, was taken up on defendants' contention that the dismissal of Monaco's appeal, above referred to, was *res adjudicata* of the questions involved in the instant case. The argument in support of this is that since Matarrese, who was a defendant in the other case, and who had judgment in his favor for costs entered against Monaco, had asked for damages of $150 when he made his motion to dismiss the appeal, and since the court had not given him any damages, it was an adjudication that he was not entitled to any. While there is some plausibility in defendants' contention because of the fact that Matarrese, in moving to dismiss Monaco's appeal and for damages, claimed that he was entitled to $150 which he was obligated to pay his counsel in that case,

yet there is no warrant in law for such allowance, nor was there any warrant in law for Matarrese's contention that he was entitled to damages of $150 for attorney's fees in following the Monaco appeal to this court. Section 101 of the Practice Act of 1907 provides that where a judgment, not for the recovery of money, is appealed to this court or to the Supreme Court, and the appeal is dismissed for want of prosecution, this court or the Supreme Court as the case may be, shall, upon dismissal for such cause, enter judgment for not less than $50 nor for more than $250 damages; that if the suit is for the recovery of money and the appeal is dismissed for want of prosecution, this court or the Supreme Court shall enter judgment for not less than 5 nor more than 10 per cent of the amount of the judgment recovered in the trial court. It is obvious that no warrant is found in this section for awarding damages for attorney's fees incurred upon a dismissal for failure to prosecute an appeal. If damages were awarded under section 101 it would in no way affect damages that might be legitimately claimed on the appeal bond. In the instant case the trial judge properly held that the questions involved had not been adjudicated by the dismissal of Monaco's appeal.

The defendants further contend that the finding and judgment are contrary to the manifest weight of the evidence; that the plaintiff failed to prove his damages; that the evidence shows that Matarrese agreed to pay his counsel $150 for trying the Monaco case in the municipal court and not for following the appeal prosecuted by Monaco to this court. On the other hand, counsel for plaintiff contends that the evidence warranted the court in finding that the services performed by counsel in following the appeal in the Monaco case were reasonably worth $150. We think the finding of the trial judge on this question, in favor of the plain-

tiff, was warranted by the evidence. Certain it is that we would not be warranted in holding that the finding was against the manifest weight of the evidence. In these circumstances, the amount of the judgment ought not to be disturbed if the law warranted such allowance. Although the point is not made, we hold that the judgment cannot stand because it is obvious that in a suit brought on a bond in appealing from a judgment in the trial court to this court, where the judgment is affirmed or the appeal dismissed, attorney's fees incurred in following the appeal are not covered by such an appeal bond. *First Nat. Bank v. Fidelity & Deposit Co.*, 106 Ill. App. 367. In that case an action of debt was brought on a bond given in appealing from a judgment in the circuit court to the Appellate Court, and it was contended that under the conditions of the bond the attorney's fees and the costs of printing briefs and defending the appeal were elements of damages that might properly be included. The bond in that case provided that in case the judgment was affirmed, the obligor agreed to pay the sum of $200 for "printing briefs and abstracts in and about defending the said appeal . . ." and the sum of $500 "paid out and expended by the plaintiffs for attorneys and counselors' fees in defending the said appeal both in the Appellate Court and the Supreme Court." The court held that although the bond provided for the payment by the obligors for the costs of printing briefs and abstracts and attorney's fees, they were not proper elements to be allowed in a suit on a bond. The court there said (p. 373): "It is contended that by the express terms of the bond, the appellee covenanted with the appellants that the shoe company should prosecute its appeal and pay the costs rendered against it in case the judgment and order appealed from should be affirmed by this court, and also that the shoe company should pay any and all damages severally sustained . . . by

reason of the wrongful prosecution of the appeal to the extent of certain moneys paid out by them respectively for counsel fees and printing briefs for defending the appeal in this court.'' The trial court held that these items could not be recovered in a suit on the bond, and the judgment was affirmed by the Appellate Court. In that case the court, in speaking of actions upon such bonds, said (p. 374):

''In such actions 'the successful party recovers only such costs as are taxable under the statute. He can not usually have an allowance for his loss of time and expense in prosecuting the demand or making the defense as the case may be, and the expense for service of attorneys stands upon the same ground as the other personal expenses of the party not embraced in the list of taxable costs.' *Jones v. The People,* 19 Ill. App. 300.''

As stated, although the point was not raised in the trial court nor in this court, we feel bound to raise it here because if attorney's fees incurred by one in following an appeal were allowed as an item of damage in a suit on an appeal bond, then there would be a suit on every appeal bond given. Under the law, such damages are not recoverable. Under the evidence plaintiff was entitled to nominal damages only. We are therefore compelled to reverse the judgment of the municipal court of Chicago; but we think all the costs in the trial court and in this court ought to be borne by the defendants. Accordingly, the judgment of the municipal court of Chicago is reversed and the cause remanded, all costs to be taxed against the defendants.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.