### FLANDERS *v.* TWEED.

1. Where objection is made in this court that a court below allowed a clerk and marshal there excessive fees, but the record, while showing what fees were allowed, furnishes no means of ascertaining what services were rendered by the clerk or marshal, nor any means of determining whether the fees were or were not in excess of what is authorized by law, the objection cannot be sustained.

2. The plaintiff's fees to counsel on a suit for damages against a treasury agent for illegally seizing and retaining his property, disallowed; though the seizure was adjudged to have been illegal, and damages were given accordingly.

ERROR to the Circuit Court for the District of Louisiana, in which court Tweed sued Flanders, deputy general agent of the Treasury Department of the United States, to recover damages caused by an alleged unlawful seizure and detention of certain cotton of his, Tweed's. Judgment being given for the plaintiff the treasury agent appealed.

*Mr. S. F. Phillips, Solicitor-General, for the plaintiff in error; Mr. T. D. Lincoln, contra.*

Mr. Justice CLIFFORD stated the case, and delivered the opinion of the court.

Tweed claims that he was the owner of four hundred and ninety-five bales of cotton; that the defendant, on the sixth of March, 1866, unlawfully seized and took the same into his possession, and that he unlawfully detained the cotton until the fifteenth of May in the same year, when he, the plaintiff, obtained possession of the cotton by virtue of two writs of sequestration which he instituted in the same court for that purpose, and that he expressly reserved the right to recover damages for the seizure and detention of the cotton in his petition in each of the sequestration suits; that the cotton declined in value to the amount of thirty thousand dollars during the period the possession of the same was unlawfully withheld from the possession of the plaintiff by the

defendant; that in consequence of said unlawful detention of the cotton, the plaintiff was compelled to pay and did pay interest to the amount of one hundred and sixty dollars, and insurance to the amount of two hundred dollars, and storage to the amount of one thousand dollars; that he was compelled to institute the two suits of sequestration to recover the possession of the cotton, and that he was compelled to pay and did pay counsel fees, clerk's fees, and marshal's fees to the further amount of seven thousand dollars. He also charges that the defendant, during the period he wrongfully withheld the possession of the cotton from the plaintiff, sent fifty bales of the same to be rebaled, whereby the cotton in those bales was diminished in value to the amount of one thousand dollars, for all which he claims damages in the sum of thirty-nine thousand three hundred and sixty dollars.

Service was made and the defendant appeared and filed an answer in which, among other things, he alleged that he was a deputy general agent of the Treasury Department; that the cotton, before and at the time the writs of sequestration were issued, was in his custody and control as such officer, and that it was held by him as an official act in administering the laws of Congress in relation to the States in insurrection and rebellion; that the cotton, when the plaintiff caused the same to be seized, sequestered, and taken into the custody of the officer of the court, was, by virtue of his possession under color of those laws, in the due and actual custody, control, and possession of the United States, and that the issuing and executing the writs of sequestration and taking the cotton into possession by the officer under the same were in all respects acts of lawless and unjustifiable trespass and violence.

Evidence was introduced to the jury, and the jury, under the instructions of the court, returned their verdict in favor of the plaintiff, and the defendant excepted and removed the cause into this court.

Exceptions were taken by the defendant to the instructions given by the court to the jury, but the counsel for the United States who appear for the defendant submit the ex-

ceptions without argument. None of the questions presented in the exceptions are assigned for error, and in view of the circumstances the court does not deem it necessary to re-examine those questions.

Nothing remains for the consideration of the court except the error assigned founded upon the verdict of the jury, from which it appears that they found damages in favor of the plaintiff, as follows:

| | |
|---|---:|
| For decline in cotton, | $6,994 35 |
| " insurance premiums, | 160 00 |
| " lawyer's fees, | 6,000 00 |
| " storage, | 1,000 00 |
| " clerk's and marshal's fee, | 1,126 13 |
| | $15,280 48 |

Objection is made by the defendant to the allowance for fees of counsel and to the allowance for the fees of the clerk and marshal, but the record furnishes no means of ascertaining what services were rendered by the clerk or marshal, nor any means of determining whether the charges allowed were or were not in excess of what is authorized by law. Viewed in the light of those suggestions it is quite evident that the objection to the allowance for fees to the clerk and marshal cannot be sustained.

Cases also may be found in which it is held that counsel fees, under certain circumstances, are a proper matter for allowance in cases not different in principle from the one before the court, but the rule is now well settled the other way. Fees and costs allowed to officers therein named are now regulated by the act of Congress passed for that purpose, which provides in its first section, that, in lieu of the compensation previously allowed by law to attorneys, solicitors, proctors, district attorneys, clerks, marshals, witnesses, jurors, commissioners, and printers, the following and no other compensation shall be allowed.* Attorneys, solicitors,

---

* 10 Stat. at Large, 161.

and proctors may charge their clients reasonably for their services, in addition to the taxable costs, but nothing can be taxed or recovered as cost against the opposite party, as an incident to the judgment, for their services, except the costs and fees therein described and enumerated. They may tax a docket fee of twenty dollars in a trial before a jury, but they are restricted to a charge of ten dollars in cases at law, where judgment is rendered without a jury.* Perhaps the leading case upon the subject is that of *Day* v. *Woodworth*,† which was an action of trespass *quare clausum fregit* for pulling down a mill-dam. In the course of the trial the plaintiff requested the presiding justice to instruct the jury that they might allow counsel fees as damages, but the justice refused so to instruct the jury, and the plaintiff excepted and the cause was removed into this court, where it was held that neither the common law nor the statute law had invested the jury with any such power or privilege. It has sometimes been exercised by the courts, said Mr. Justice Grier, but its results have not been such as to recommend it for general adoption either by courts or legislatures.‡

Suggestion may be made that the matter is not open to re-examination, as the verdict is not a special one in form, but further discussion of that topic at this time is unnecessary, as it was fully considered in a prior case decided at this term.

JUDGMENT REVERSED AND MODIFIED by disallowing the sum of six thousand dollars included in the verdict for counsel fees, and the cause remanded with directions to render judgment in favor of the plaintiff for the residue of the verdict.

---

* The Baltimore, 8 Wallace, 392.
† 13 Howard, 363.
‡ Teese v. Huntingdon, 23 Howard, 2.