[No. 5783. Decided January 10, 1906.]

AUGUST KRUG, *Appellant,* v. ELMER HENDRICKS, *Respondent.*[1]

BROKERS—COMMISSIONS FOR SALE OF RANCH—AUTHORITY TO NE-GOTIATE SALE—EVIDENCE—SUFFICIENCY. In an action for a broker's commissions, a finding for the defendant will be sustained where the broker alone testified as to the existence of the contract, and he was contradicted by the respondent and two other witnesses.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered April 12, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for a broker's commission for the sale of land. Affirmed.

*George A. Allen* and *W. H. Jackson,* for appellant.

*C. A. Mantz,* for respondent.

PER CURIAM.—This suit was brought to recover the sum of $325, alleged to be due the plaintiff from defendant as a commission for services of the former as a real estate broker. The cause was tried by the court without a jury, and judgment was rendered for the defendant, dismissing the action; from which judgment the plaintiff has appealed.

The only question involved in the case is one of fact. The trial court found that appellant had not established, by a preponderance of the evidence, that a contract existed between the parties by which appellant was authorized to negotiate a sale at the time he claims to have rendered the services for which he seeks to recover. We have read the statement of facts and are satisfied that the court's finding is fully sustained by the evidence. There was conflict in the testimony. Appellant alone testified that there was any contract in ex-istence at the time respondent sold his ranch. He was con-tradicted by respondent, and two other witnesses also testi-

[1]Reported in 83 Pac. 417.

fied as to admissions or statements made by appellant to the effect that he did not have the property listed at the time. Under such evidence, we shall not say that the trial court erred in holding that the weight of the testimony was with respondent.

The judgment is affirmed.