[No. 7947.   Department Two.   May 27, 1909.]

John H. Bunch, *Appellant,* v. Pierce County *et al.,*
*Respondents.*[1]

Judgment—Bar—Res Judicata—Matters Concluded.   The denial
of a motion to vacate a judgment, upon the ground of inadvertence
and surprise, from which no appeal was prosecuted, is *res judicata* in
an action in equity to set aside the judgment upon the same grounds.

Judgments—Actions to Set Aside—Limitations—Excuse.   An
action in equity to set aside a judgment must be brought within one
year, and it is no excuse that plaintiff mistook his remedy until
after the year had expired.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered November 19, 1908, in favor of
the defendants, dismissing an action to vacate a tax fore-
closure judgment and tax sale, after a trial before the court
without a jury.   Affirmed.

*E. L. Culver,* for appellant.

*Wm. H. Pratt,* for respondents.

Dunbar, J.—A tax judgment was entered in the superior
court of Pierce county, on the 5th day of December, 1906,
which affected the land in controversy.   Pursuant to this
judgment, the county treasurer sold the property to the re-
spondent Traders Trust Company, a corporation, and de-
livered a tax deed therefor.   On the 27th day of May, 1907,
the appellant moved to vacate the tax judgment, for the rea-
son that the same was void and that the court had no juris-
diction to enter the same.   This motion was supported by
the affidavit of the deputy prosecuting attorney of the coun-
ty, setting forth that the judgment was entered in the wrong
case by mistake, the particulars of which it is not necessary
to mention here.   After service the respondent the Traders
Trust Company appeared specially and resisted the motion

[1]Reported in 101 Pac. 874.

to vacate, and upon hearing, the motion was denied by the
court. Notice of appeal was given from this order, but the
appeal was never prosecuted further. On the 2d day of Oc-
tober, 1907, the respondent again moved to vacate the judg-
ment, for the same reasons which had been urged in support
of the first motion; and upon the hearing of that motion on
the 26th day of December, 1907, the motion was granted,
and an appeal was prosecuted to this court. The cause was
reversed, for the reason that it was not competent for the
respondent in that case to abandon the appeal which had been
taken from the first order of the court in refusing to vacate
the judgment, and then bring another action by way of a
motion to vacate, based upon the same grounds upon which
the former action was based. After the determination of
that case in this court, the respondent in that case (the ap-
pellant in this) brought this action in equity to vacate the
same judgment. A more specific statement of the circum-
stances surrounding the case will be found in *Pierce County
v. Bunch*, 49 Wash. 599, 96 Pac. 164. Upon the trial of
this case, judgment was rendered by the court in favor of
the respondents, dismissing the action, and from this judg-
ment, this appeal is prosecuted.

It is the contention of the respondents, and we think it is
fully sustained by the law, that the former case of *Pierce
County v. Bunch* is *res adjudicata* of the present action. In
the opinion by this court in that case it was said:

"The record now presents this anomalous spectacle. Two
orders have been entered in the court below, the one holding
that procedure by motion is improper, and the other hold-
ing exactly the contrary. Both of these orders are final
and neither has been vacated by this court or by the court in
which the orders were made. When the first order was de-
nied, three courses were left open to the respondent. He
might appeal from the order denying the motion to vacate,
he might move the court to vacate its own order on some
statutory ground, or he might abide by the decision and pur-
sue some other remedy. Instead of this, he ignored the first
order entirely and proceeded as though it had never been

made and did not exist. If such a practice is permitted, the denial of one motion will but lead to the interposition of another, and there will be no end to litigation."

The same thing might be truthfully said of the condition of the case now, for a comparison of the complaint in this case with the motion to vacate, as found in the records of the old case, discloses that the motion was based upon exactly the same grounds that the complaint in the present case is based upon, the affidavit relied upon in the motion being to the effect that the judgment had been entered through inadvertence and mistake, setting up the specific acts of inadvertence and mistake. The same thing is the basis of the complaint in the present action, and such was the case as between the two motions which were before this court in the case just mentioned, the court saying:

"The contention that the second motion was based on different grounds from the first is not supported by the record, for, as said above, the same affidavit, setting forth the contentions of the respondent in detail, was attached to each motion and was necessarily a part thereof."

It is well established law in this state that,

"Where the statute affords a full, complete, and adequate remedy against an illegal judgment by authorizing the aggrieved party to proceed by motion to vacate and set aside, and permitting an appeal from any order entered upon such motion, one who has attacked a judgment by motion to vacate and has failed to prosecute an appeal from the denial of his motion, cannot subsequently maintain an action to cancel the judgment, since the question of the validity of the judgment is *res judicata.*" *Chezum v. Claypool,* 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955.

To the same effect is *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748, where it was said:

"A very earnest appeal in behalf of the petition of the appellant is made by counsel in their brief, and it is insisted that he has never had his day in court, and that a fraud has been perpetrated upon him by reason of the proceedings.

But we are inclined to think that appellant has lost his rights in this action, if he ever had any. His petition, in which presumably was set out all the defense to the action that he had, was determined against him by the court on April 24, 1900. The ruling of the court in this respect was appealable."

Then, after quoting from *Chezum v. Claypool, supra,* it was said:

"The action here is in effect the same as it was in that case. The remedy was by an appeal from the order rendered on the 24th day of April, 1900, instead of by another motion based upon practically the same application."

We are also of the opinion that this action is barred by the statute of limitations. This is an action to set aside a judgment and, under the statute, must be brought within one year, and the excuse which the appellant offers for not bringing the action, viz., that he mistook his remedy until after the year had expired, cannot avail him under the doctrine that ignorance of law is no excuse for its violation.

We think that no error was committed, and the judgment must be sustained.

MOUNT, CROW, and PARKER, JJ., concur.

RUDKIN, C. J., concurs in the result.