[No. 8072. Department Two. July 15, 1909.]

## AUGUST KRUG, *Appellant*, v. ELMER HENDRICKS, *Respondent*.[1]

JUDGMENT — BAR—RES JUDICATA—MATTERS CONCLUDED. A judgment dismissing an action upon an express contract for a broker's commission in a specified sum is *res judicata* in a second action to recover for the same services on an agreement to pay the reasonable value of the services, where the findings of fact in the former action determined that the plaintiff had no agreement with defendant for a commission, and that plaintiff failed to prove that he acted as agent for the defendant in contracting the sale or that there was any contract existing between them.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered December 28, 1908, upon findings in favor of the defendant. Affirmed.

*Slater & Allen*, for appellant.

*Jesseph & Grinstead*, for respondent.

RUDKIN, C. J.—Some time prior to the 11th day of April, 1905, the present plaintiff commenced an action against the defendant in the superior court of Stevens county, to recover a commission on the sale of real property. The complaint in that action alleged that, prior to the 10th day of January, 1905, the defendant was the owner of certain real property, therein described; that the plaintiff was a real es-

[1] Reported in 102 Pac. 1049.

14—54 WASH.

tate agent; that, prior to the 15th day of December, 1904, the plaintiff and defendant entered into an agreement whereby the plaintiff promised and agreed to use his best endeavors to find a purchaser for said real property, at the price of $6,500; that, in case the plaintiff failed to secure a purchaser, he should receive no commission or compensation for his services, but in case he should succeed in finding a purchaser at said price the defendant promised and agreed to pay the plaintiff a commission of five per cent on the selling price; that the plaintiff fully performed the terms and conditions of this contract on his part, and found a purchaser for the property satisfactory to the defendant, at the price agreed upon, that the defendant sold the property to the purchaser so found for the sum of $6,500, and that by reason of the premises the plaintiff became entitled to a commission in the sum of $325, no part of which had been paid. The defendant answered, putting in issue every material allegation of the complaint, except his ownership of the property therein described. The case was tried before the court without a jury. The court found, among other things:

"That at the time of contracting for the sale of the said ranch to the said Richart and at the time of the sale thereof, and for a long time prior thereto, the plaintiff, August Krug, had no agreement or understanding with the defendant for a commission as real estate agent or otherwise, if the said sale or any other sale of said property was made.

"That the plaintiff failed to prove by a preponderance of evidence that he acted as agent for the defendant in the contracting of the sale of and the sale of said ranch to the said Richart.

"That the plaintiff failed to prove by a preponderance of the evidence that there was existing between him and the defendant, a contract as alleged in the complaint or any contract at all for the sale of defendant's ranch;"

and entered judgment dismissing the action. An appeal was prosecuted to this court where the judgment was affirmed. *Krug v. Hendricks*, 41 Wash. 410, 83 Pac. 417.

Thereafter the present action was instituted to recover the same commission, the complaint alleging that the plaintiff performed services for the defendant in procuring a purchaser for the defendant's property; that the defendant accepted the services so performed and promised and agreed to pay the plaintiff the reasonable value thereof; that the reasonable value of such services was the sum of $325; and that payment was demanded and refused. The defendant denied the material allegations of the complaint, and pleaded the former judgment in bar of the action. The court sustained the plea of former adjudication, and from the judgment of dismissal, the present appeal is prosecuted.

The appellant contends that the former action was brought on an express contract, and that the judgment of dismissal was no bar to a second action to recover for the same services on a *quantum meruit*. If it appeared that the former action was dismissed on the sole ground that the appellant failed to prove the express contract as alleged, there might be some merit in this contention, but the findings and decision in the first action went far beyond this. The court found in effect that the appellant did not act as agent for the respondent in the sale of the property, and that there was no contract for a commission between the appellant and the respondent as alleged in the complaint or at all. · These findings were within the issues in the first action, and clearly barred a recovery under the allegations of either complaint. In fact both actions were brought upon express contracts, the former on an express promise to pay an agreed commission of five per cent on the selling price, the latter on an express promise to pay the reasonable value of the services. The second action was not based on an implied promise to pay the reasonable value of services performed at the instance and request of the respondent, for the complaint did not allege that the services were so performed. On the contrary, the appellant based his right of action on an express promise

to pay after the services were performed, and the findings in the former action are conclusive against any such claim.

The judgment of the court below is therefore affirmed.

DUNBAR, PARKER, MOUNT, and CROW, JJ., concur.