[No. 10641.   Department Two.   December 17, 1912.]

A. PERLUS, *Appellant*, v. JOSEPH SILVER, *Respondent*.[1]

JUDGMENT—CONCLUSIVENESS—BAR—MATTERS CONCLUDED.   Where disputes arose between parties to a contract, and one of them brought an action against the other for injunctive relief, damages, and general relief, the judgment is *res judicata* and a bar to another action upon the contract as to all matters in dispute that arose prior to the commencement of the first action.

COSTS—EXPENSES OF LITIGATION—RECOVERY—SUBSEQUENT ACTION. A successful litigant cannot maintain a subsequent action to recover from his losing adversary the costs and expenses of the litigation, but must resort to his statutory right to have items thereof taxed as costs in the first action.

Appeal from a judgment of the superior court for King county, Gay, J. entered February 27, 1912, dismissing an action on contract.   Affirmed.

*J. H. Allen*, for appellant.

*Walter S. Fulton* and *Walter Metzenbaum*, for respondent.

MAIN, J.—This is an action brought by the appellant for damages for the alleged breach of a contract, and also for damages incident to a previous action between the same parties.   The answer of the respondent denies the right of the appellant to recover damages sustained in the previous action, and also contains a plea of *res adjudicata* as to all other matters pleaded in the complaint in this action.

For some time prior to December 24, 1909, the appellant was the owner and in possession of a certain wooden structure in the city of Seattle, known as number 1530, Pike Place, which structure had a street frontage of approximately thirty feet.   The appellant was also in possession of the ground upon which this building stood, under a lease which by its terms expired September 1, 1910, under which

[1]Reported in 128 Pac. 661.

lease he paid to the owner of the fee a specified monthly ground rent. There existed under the building in question a basement which produced to the appellant a monthly revenue. The respondent, on December 24, 1909, being the then owner of the ground upon which the appellant's building stood, as well as the surrounding property, desired to erect a new structure thereon. The parties to this action thereupon entered into an agreement in terms as follows:

"This agreement entered into this 24th day of December, 1909, by and between Joseph Silver, party of the first part, and A. Perlus, party of the second part, witnesseth:

"Whereas the party of the second part is owner of the certain wooden structure located at Pike Place thirty feet south of Pine street, in the city of Seattle; which building stands upon the ground to which the party of the second part holds the lease until Sept. 1, 1910; and whereas the party of the first part is building a structure around and over the said wooden building belonging to the party of the second part; and whereas for the consideration hereinafter mentioned the party of the second part desires to remove any and all obstacles to the building of the said new structure, therefore the party of the second part agrees as follows for the sum of $200.00, receipt of which is hereby acknowledged. Party of the second part agrees that he will allow the party of the first part to build the said new structure according to the plans and specifications now prepared without any lien or hindrance on his part, and in said allowance party of the second part hereby agrees to permit the party of the first part to cut off whatever portion of said building that may be found necessary to remove in the building of the new structure. Party of the second part further agrees to allow the party of the first part to build around and above the party of the second part, and to do whatever may be necessary to complete the new structure. Party of the second part further agrees that upon the completion of the new structure around the wooden building he is now occupying that he will allow the party of the first part to tear down the wooden structure, and party of the first part agrees to give party of the second part a store in the said new structure for his use until September 1st, 1910, in lieu of the present

building now occupied by the party of the second part. Party of the first part agrees to perform said building operations and to tear down said wooden building with the least inconvenience possible to the party of the second part. Party of the second part agrees to allow the party of the first part to excavate under his building and to build a cellar under the first floor of the said wooden building, and to do whatever may be necessary to complete the said cellar. In witness whereof we have subscribed our names to the foregoing agreement. A. A. Perlus. "Philip I. Schlick. Joseph Silver."

Subsequent to the execution of this contract, the respondent proceeded with the erection of a building as therein contemplated. Disputes between the parties as to their respective rights under the contract occurred from time to time, until February 23, 1910; on which date the appellant brought an action on the contract, in which he sought injunctive relief, damages for the conversion of certain lumber, and general relief. In due time the cause came on for trial, and on May 20, 1910, the court signed its findings of fact, conclusions of law, and decree therein. The present action was begun on the 19th day of October, 1910. The appellant now seeks under the contract to recover, (1) damages for delay in completing the new structure; (2) damages on account of being deprived of the use of the basement; (3) damages on account of negligence in the conduct of the building operations; and (4) damages incident to the bringing of the previous action. This cause came on for trial before the court and a jury. The appellant introduced in evidence as a part of his case the contract in question and the judgment roll in the previous action. The respondent thereupon moved for a nonsuit, for the reason that all matters which were sought to be litigated in this action growing out of the contract either were, or could have been, litigated in the previous action between the same parties, and that the items of damages claimed as incident to the previous action were in no sense recoverable. This motion was

granted by the court and judgment of dismissal entered, from which the cause is brought here on appeal.

The first question presented is whether or not the introduction in evidence of the contract and the judgment roll of the previous case showed that all matters in question here, growing out of the contract, were either in issue in the previous action or might have been raised and adjudicated therein. The dispute as to the basement arose during the month of December, 1909. The dispute as to the delay arose prior to the commencement of the previous action and long prior to the trial thereof. The negligent method of construction, if there were negligence in this regard, occurred in ample time to have been litigated in the previous action. The previous action was between the same parties and upon the same contract. All points in issue in this action could have been adjudicated in the former action. It therefore appears clear that the ruling of the superior court was right on this question. It is the settled law of this state that, in an action between the same parties, a judgment therein is *res adjudicata* as to all points in issue, and also as to all points which might have been raised and adjudicated in such action. *Sweeney v. Waterhouse & Co.*, 43 Wash. 613, 86 Pac. 946; *Spokane Valley Land & Water Co. v. Jones & Co.*, 53 Wash. 37, 101 Pac. 515; *Krug v. Hendricks*, 54 Wash. 209, 102 Pac. 1049; *Bradley Engineering & Mach. Co. v. Muzzy*, 54 Wash. 227, 103 Pac. 37; *Olson v. Title Trust Co.*, 58 Wash. 599, 109 Pac. 49; *Thompson v. Washington Nat. Bank*, 68 Wash. 42, 122 Pac. 606, 39 L. R. A. (N. S.) 972.

The next question is as to the right of the appellant to recover in this action the costs and expenses which he sustained in the previous action. There is no common-law principle that permits a successful litigant to recover from his losing adversary the costs and expenses of the litigation; hence, if such a right exists, it must be statutory. The legislature of this state has given to the successful litigant the

right to have certain items of expense taxed as costs; but these must be taxed in the original action and not recovered by subsequent suit. There being neither common law nor statutory authority for maintaining the cause of action in the instant case for the costs and expenses of the previous litigation, the nonsuit as to this was also properly granted. 11 Cyc. 24; 5 Ency. Plead. & Prac., 108; *Lovell v. House of the Good Shepherd*, 14 Wash. 211, 44 Pac. 253; *Flanders v. Tweed*, 15 Wall. 450; *Day v. Woodworth*, 13 How. 363; *Marvin v. Prentice*, 94 N. Y. 295.

In *Lovell v. House of the Good Shepherd, supra*, this court said:

"It will not do to sustain a practice which will allow a party who successfully brings an action for the recovery of a legal right to bring a subsequent action to recover the expenses incident to the first case."

The judgment will therefore be affirmed.

MOUNT, C. J., FULLERTON, ELLIS, and MORRIS, JJ., concur.