CARMELO SIERRA, Plaintiff and Appellant, *v.* JOSÉ PILAR SANTIAGO ET AL., Defendants and Appellees.

No. 6312. Argued June 19, 1934.—Decided June 17, 1935.

*V. Polanco de Jesús* for appellant. *A. Rivera Colón* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

This was a suit for damages begun in the Municipal Court of Ciales. In a previous suit in the same court the persons forming the succession of Manuel Maldonado began an action against the present appellant, Carmelo Sierra, to recover a certain amount. The said persons sued out an attachment before judgment, with José Pilar Santiago and Felipe Santiago, the present appellees, as sureties. Under this writ a piece of property of 7.80 *cuerdas* was seized. The complaint before us alleged that the said plaintiffs in the previous action pursued their suit tenaciously; that the Municipal Court of Ciales dismissed it. The principal matter in this appeal is that the said suit caused the plaintiff damages in the sum of $400, which the said sureties have failed to pay. The district court dismissed the complaint.

██ The first item of damages was that the previous suit prevented appellant from selling the property attached when appellant had an advantageous offer therefor.

The district court was not satisfied from the evidence that appellant received a definite final offer for the property and gave its reasons therefor, and appellant does not convince us that the court was mistaken. We quite agree that the evidence of an attachment, readily resolved, would not be such an obstacle as to prevent a man from buying a desirable piece of property, especially so when the amount to be paid is relatively small. The appellant copies largely from the statement of the case to show a wrong appreciation of the evidence, but so far as a supposed conflict weighs in this case, we can not find that the court was in error. Even if the reasoning of the court in estimating the possibilities of the property as a dairy was not sound, this would not make any real difference. We think likewise that the claim is remote and not a proximate cause. *Lowande* v. *Otero & Co., et al.,* 15 P.R.R. 181.

██ The other element of damages is the costs to which appellant was put by reason of the previous suit. There

the plaintiff-appellant obtained a judgment for costs. He did not claim them in said suit. In the present action he attempts to recover the costs and fees to which he was put by reason of the institution of the other. The appellant concedes that the costs he might have obtained by reason of the judgment may not be recovered, but admitting also that counsel fees could not be awarded in the suit, tries to recover them here. While there may be exceptions, the general rule is that the expenses or costs and especially counsel fees for defending a suit, can not be recovered as elements of damages. *Day* v. *Woodworth,* 13 How. 362; *Flanders* v. *Tweed,* 15 Wall. 450; Note to *Winkler* v. *Roeder,* 8 A.S.R. 158; 17 C.J. 807. Likewise, where a statute fixes the cases and the manner where in ordinary actions such fees may be recovered, no other remedy avails a plaintiff who formerly had to defend. See some of the cases cited. This is the rule in Puerto Rico. Section 327 of the Code of Civil Procedure, 1933 ed., is as follows:

"Parties to actions or proceedings, including The People of Puerto Rico, are entitled to costs and expenses subject to the rules hereinafter prov'ded.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the act'on or proceeding, considering also the degree of blame, if any, on the party against whom judgment is rendered."

This section, as originally enacted in 1904, read:

"The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the part'es; but parties to act'ons or proceedings are entitled to costs and disbursements, as hereinafter provided."

Plaintiff abandoned his claim for costs in the municipal court and it is perhaps his misfortune that in a claim for less than $500 no counsel fees were allowable.

██ There is also 'another doubt. The defendants in the present action were the sureties on an attachment bond. It is sufficiently remote to attempt to make them answer for counsel fees or anything else that is not the direct result of the filing of the suit or the incidental attachment.

In the intervention of the court during the progress of the suit we find no abuse of discretion, nor yet in the imposition of costs.

The judgment appealed from will be affirmed.