# W. W. QUINN
## v.
## CAROLINE OHLERKING.

*Landlord and Tenant—Lease—Covenant—Attorney's Fees—Recovery of—Former Adjudication.*

1.   It is impossible for the plaintiff in an action to collect rent, to show how much such suit will eventually cost him in attorney's fees.

2.   A judgment in such suit is not *res adjudicata* as to matters arising in a subsequent suit for attorney's fees incurred in such action.

[Opinion filed November 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. JOSEPH H. LAWLER and EDWARD KEOGH, for appellant.

Mr. WILLIAM NUNN, for appellee.

WATERMAN, J.   This was a suit to recover for attorney's fees incurred by the lessor of certain premises in enforcing one of the covenants of the lease.   It is insisted by appellant that the suit in which the attorney's services were rendered having been brought after the end of the term, everything that could be recovered under the covenants of the lease should have been, and must be, presumed to have been therein included.   It is quite clear that what would be a reasonable, or proper attorney's fee for enforcing any of the covenants of the lease, could not be determined until the termination of the litigation necessary in order to enforce such covenants.   Such litigation might be protracted for a long time and require very great labor, or it might be brief and necessitate but little attention.   It was, therefore, impossible for the plaintiff in the suit to collect rent, to show how much such suit would eventually cost him in the way of attorney's fees.

The former suit was merely to recover an installment of rent, and it is not pretended that any claim for attorney's fees was therein made, or that the judgment included any allowance for anything save rent; there is, therefore, no reason for holding the judgment in that case *res adjudicata* as to the matters and things of this.            *Judgment affirmed.*