MARY E. LESLIE, Appellant, v. S. E. CARTER.

**Division Two, July 5, 1916.**

1. **COSTS OF LITIGATION: Attorney' Fees: Independen: Action.** The successful plaintiff in a suit to set aside a deed for fraud and for an accounting, cannot maintain a subsequent independent action to recover the cost of litigation, including attorney's fees, incurred in the necessary prosecution of that suit.

2. ———: ———: **In Principal Suit: Res Adjudicata.** If costs of litigation, including attorney's fees, are recoverable by the successful litigant, a claim therefor should be made in the principal suit; otherwise, they are barred by the rule

of *res adjudicata*, for if recoverable for a breach of duty or contract in issue in that case, it would be to split causes of action and multiply litigation to allow them to be recovered by a subsequent independent suit.

3. **RES ADJUDICATA: Rule.** All issues which might have been raised and determined in a given case, but were not, are as completely foreclosed as if they had been adjudicated and included in the verdict and judgment therein.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Thomas Hackney* and *A. L. Thomas* for appellant.

The defendant being at the time the trusted agent of the plaintiff and having betrayed his trust as such agent, and wrongfully placed a cloud upon her title to said real estate, she was entitled to recover and is now entitled to recover the reasonable and proper expenses incurred by her in the employment of attorneys in the trial court and in the Supreme Court, to which Byrd and Carter appealed. State ex rel. v. Tittman, 134 Mo. 162; McGaw v. Acker, Merrall & Condit Co., 73 Atl. 731; Bank v. Williams, 62 Kan. 431; Chesebro v. Powers, 78 Mich. 472; Flack v. Neill, 22 Tex. 253; People's B. &. S. Assn. v. Pickerel, 55 S. W. 194; Hadley v. Baxendale, 9 Exch. 341; Furstenberg v. Fawcett, 61 Md. 191; 1 Sutherland on Damages (2 Ed.), 58; 8 Am. & Eng. Ency. Law (2 Ed.), 674; Arcambel v. Wiseman, 3 Dall. (U. S.) 306; Smith v. Corege, 53 Ark. 295; Ryerson v. Chapman, 66 Me. 557; Pond v. Harris, 113 Mass. 114; Fowler v. Owens, 39 Atl. 329. The defendant being the agent of the plaintiff in charge of her lands became responsible for all probable damages resulting to her from a breach of his trust as agent, and having involved her in litigation to recover from Byrd the title to her land, she is entitled to recover the necessary and reasonable

expenses incurred by her in restoring to her the property fraudulently obtained by defendant and conveyed by him to Byrd. The fraudulent procuring of the title and the fraudulent conveyance to Byrd was a departure from his line of duty as her agent, and a suit brought to set aside the deed to Byrd to restore the property was the natural and proximate consequence of defendant's violation of his trust; and if it was, are not the reasonable expenses incident to its successful prosecution proper items of recoverable damages?

*Gray & Gray* for respondent.

(1) The general rule is that counsel fees and expenses of litigation, in the class of cases made by appellant's petition, cannot be recovered. 1 Sedgwick on Damages (8 Ed.), secs. 229-235; Brown v. Cape Girardeau, 90 Mo. 377; Albers v. Merchants' Exchange, 138 Mo. 140; Pickle v. Pickle, 243 Mo. 665; Johnson v. United Rys. Co., 247 Mo. 348; Hodkinson v. McNeal Mch. Co., 161 Mo. App. 87; Evans v. Ins. Co., 87 Kan. 641, 41 L. R. A. (N. S.) 1130; Thouron v. Skirvin, 122 S. W. 55; Jackson v. Poteet, 89 S. W. 980; Bull v. Keenan, 69 N. W. 433; Aldrich v. Maher, 153 Ill. App. 413; Knefel v. Ahen, 57 Ill. App. 568; Winkler v. Roeder, 8 Am. St. 155; Reggio v. Braggiotti, 7 Cush. 166; Munson v. Straits, 99 Fed. 787; Clausner v. Chapin, 168 S. W. 375; Day v. Woodworth, 54 U. S. 363; Warner v. Cole, 15 Mich. 264. It will be noticed that appellant cites only one Missouri case, to-wit: State ex rel. v. Tittman, 134 Mo. 162. That case however is rendered valueless as an authority by the subsequent case of Albers v. Merchants' Exchange, supra. Even if such damages were recoverable, they should have been asked for and recovered in the first suit. Summett v. Realty & Brok. Co., 208 Mo. 511; St. Louis v. United Rys., 263 Mo. 387; Peacock v. Coltraine, 116 S. W. 389; Abbott

.v. Land & Water Co., 118 Pac. 425; Van Horn v. Treadwell, 130 Pac. 5; Bracken v. Trust Co., 167 N. Y. 510; Township v. Wiggins, 120 N. W. 1032; Munson v. Straits, 99 Fed. 787, 100 Fed. 1005; Lowell v. House of Good Shepherd, 44 Pac. 253; Suisun Lbr. Co. v. School District, 127 Pac. 349; Marvin v. Prentiss, 94 N. Y. 295; Cook v. Printing Co., 227 Mo. 524; Panoulias v. Equipment Co., 198 Fed. 493.

WALKER, J.—This is an action to recover the expenses of litigation, including attorneys' fees, alleged to have been incurred by the plaintiff in a former proceeding against the defendant to set aside a deed for fraud, and for an accounting. In the latter action, brought, as was the one at bar, in the circuit court of Jasper County, plaintiff had judgment, and upon an appeal to this court the same was affirmed except as to a correction in the allowance of interest. [240 Mo. 552.]

Defendant demurred to the petition filed in the suit at bar and from the judgment sustaining this demurrer plaintiff appeals. The amount sued for fixes the jurisdiction of this court.

The grounds on which the sufficiency of the petition was challenged were: (1) that the damages sued for, to-wit, the expenses in preparing for trial and attorneys' fees, were not recoverable in an action of this nature; and (2) if recoverable they should have been included in the original suit.

I. The weight of authority here and elsewhere is against the right of recovery in actions of this character. Here taxable costs are fixed by statute and do not embrace expenses of litigation, including attorneys' fees. The exceptions to this rule created by statute or established by the usage of the courts and familiar to every lawyer, are fully stated by LAMM, J., in

Attorney's Fees: Cost of Litigation.

Johnson v. United Railways, 247 Mo. 1. c. 348, and need not be set out here or further adverted to except to say that expenses of the character here sued for are not included therein. Color for the claim here made is sought in the ruling of this court in State ex rel. v. Tittmann, 134 Mo. 1. c. 170, an action to recover damages for the breach of a curator's bond in which it was held, more by implication than a direct ruling, that "counsel fees and other expenses of prior litigation were recoverable as damages." Subsequently this court, in Albers v. Merchants' Exchange, 138 Mo. 140, thus distinguished the Tittman case:

"The obligation to pay the attorneys' fee in the case did not arise out of the fact that the ward was successful in his suit against his curator, but the liability was determined by the terms of the curator's bond, which, it was properly held, stood good as an indemnity against all the natural and proximate consequences of a breach of the duty which the curator owed the ward."

In the Albers case the plaintiff was attempting to recover attorney's fees alleged to have been paid by him in resisting the effort of the Merchants' Exchange to remove him therefrom as a member. The conclusion of the court in that case was that costs of the character there sued for could not be classified as damages and were therefore not recoverable. The court in so ruling declares that "the law of this State, in denying a party the right to recover from his adversary the expenses of litigation other than statutory taxable costs is in harmony with the law of our sister states."

In the discussion of this case Judge GANTT, speaking for the court, says *arguendo*:

"Did the circuit court err in holding that plaintiff was not entitled to recover back this fee because there was no evidence that the directors were actuated by malice in suspending plaintiff from membership, and

that, in the absence of malice, the attorney's fee could not form an element of his damages?"

This language, as was said in Winstead v. Hulme, 32 Kan. 568, might seem to imply that if it had been shown that malice or oppression had mingled in the controversy, then such costs as · are under consideration might be recovered. It is evident, however, from the entire opinion that what the court meant was that if the evidence disclosed that the original action was prompted by malice or oppression punitive damages might be recovered and that the amount shown to have been expended by the prevailing party in the litigation could be taken into consideration in fixing the whole amount of the judgment. The court's language sustains our conclusion. We have reference to its declaration "that in the absence of malice attorney's fees will not form an element of plaintiff's damages." Why an element if it constitutes the basis of the plaintiff's right of action? But it does not, and being only an element thereof it may simply be taken into account in the presence of malice, in determining the total amount of plaintiff's damages in the event of his recovery. Construed otherwise the conclusion reached in the Albers case would not be consonant, as the court declares it to be, with the strong current of authority elsewhere.

The rule announced in the Albers case has been affirmed in principle in Pickel v. Pickel, 243 Mo. l. c. 665, the court holding that a fee would not be allowed to plaintiff's attorney as a part of the decree in a suit to set aside a fraudulent transfer of corporate stock. And in Johnson v. United Railways, 247 Mo. l. c. 348, involving the liability of a corporation for rights of action existing against another corporation which had transferred its franchise and assets to the former, the court held that a claim for attorneys' fees for prosecuting to final judgments this class of claims against the transferee company would not be allowed,

the application therefor being held to be without any authority.

Courts of last resort in many other jurisdictions are not less emphatic in declaring the existence of the rule. In fact many of them not only hold that expenses of litigation, including attorneys' fees, will not be recognized as forming the bases of independent actions, but that they will not be allowed in the principal suit as an element of damages even where punitive or exemplary damages are allowable. Nor is it material as to the character of the action, whether it be *ex contractu* or *ex delicto;* the application of the rule is the same and nothing except costs ordinarily taxable can be allowed or recovered. [Day v. Woodworth, 54 U. S. 363; Railroad v. Citizens Traction and Power Co., 16 N. M. 163; Earl v. Tupper, 45 Vt. 275; Fairbanks v. Witter, 18 Wis. 287; Winkler v. Roeder, 23 Neb. 706, 8 Am. St. Rep. 155; Bull v. Keenan, 100 Iowa, 144; Landa v. Obert, 45 Tex. 539; Evans v. Ins. Co., 87 Kan. 641, 41 L. R. A. (N. S.) 1130.]

II. Moreover, if the damages here sued for were recoverable, a claim therefor should have been included in the principal suit. The splitting of causes of actions tends to unnecessarily burden the courts and increases the cost of litigation. If, therefore, plaintiff's right of action be conceded, there was nothing in the nature of her claim not reasonably ascertainable at the time of the trial of the principal suit and under proper pleadings the entire matter could have been determined. As we said in St. Louis v. United Railways, 263 Mo. 387, l. c. 423, " 'the doctrine as now recognized directly forbids the retrial of an issue, and necessarily involves the bar of a suit brought on a cause of action which should have formed the basis of a prior suit and been tried therein. And this bar

*Taxing Costs in Same Suit.*

is held to apply even where the subsequent suit is for a claim or relief arising out of the same cause of action, and not asked in the former suit.' "

Plaintiff's claim as asserted here, if recoverable, belonged to and arose out of her original cause of action, and by a reasonable exercise of her rights it could have been made a part of same. This not having been done the rule of *res adjudicata* will apply with as much force as if the matters now sought to be adjudicated had been put in issue. [Summet v. Realty & Brokerage Co., 208 Mo. l. c. 511; Cook v. Globe Ptg. Co., 227 Mo. l. c. 524.]

In Van Horne v. Treadwell, 164 Cal. 620, the plaintiff had instituted a former suit to recover pledged stock claimed to have been fraudulently appropriated by the defendant, and obtained a decree. He afterwards instituted a separate suit for expenses and attorneys' fees incurred in the former proceeding. The Supreme Court of California denied him the right to maintain the second suit on the ground that it was *res adjudicata*, holding that the plaintiff could not split his demand for relief so as to entitle him to recover a part of same in one action and the remainder in another; that the demand for the repayment of the expenses of the suit, including attorneys' fees, if a proper element of damages at all, was such as flowed from the single wrongful act of withholding the delivery of the stock.

In Abbott v. The 76 L. & W. Co., 161 Cal. 42, it was sought to recover damages plaintiff claimed to have sustained by reason of a former suit. The court denied the plaintiff the right to maintain the second suit saying, in effect, that under elementary principles he was bound to obtain all his relief in one action and could not recover part in one and part in another. Resorting as he did to an action in equity, the court had power to give him all the relief he was entitled to, and his subsequent action on the same contract was

therefore barred. This is the necessary result of the application of the well settled principle that an entire claim arising either upon contract or in tort cannot be divided up and made the subject of several suits. In such a case it is not ground for a second action that the party may not be able to actually prove in the first case all the items of the demand or that all of the damages may not then have been actually suffered. He is bound to prove in the first action, not only such damage as has been actually suffered, but also such prospective damages by reason of the breach as he may be legally entitled to; for the judgment he recovers will be a conclusive adjudication as to the total damages on account of the breach. A like doctrine is announced in Bracken v. Trust Co., 167 N. Y. 510; Head v. Meloney, 111 Pa. St. 99; Marvin v. Prentice, 94 N. Y. 295; and Lovell v. House of the Good Shepherd, 14 Wash. 211.

Except to show that the doctrine of *res adjudicata* is everywhere uniformly applied, the citation of authorities from other jurisdictions would have been unnecessary, because its application here has been settled beyond question, if not before, certainly in the cases of Spratt v. Early, 199 Mo. 491; Summet v. R. & B. Co.: and St. Louis v. United Railways Co., supra; in each of which it is emphatically held that all of the issues which might have been raised and determined in a given case, but were not, are as completely barred as if they had been adjudicated and included in the verdict.

Plaintiff's petition showed on its face that she was not entitled to recover. The demurrer was therefore properly sustained, which results in an affirmance of the judgment. It is so ordered. All concur.