(No. 19561.
Marie Clancey, Plaintiff in Error, *vs.* Thomas G. Mc-Bride, Defendant in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 8, 1930.*

JOHN W. WALSH, and MARTIN WALSH, for plaintiff in error.

WILLIAM GREENE, and H. L. HOWARD, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Two automobiles, one driven by Marie Clancey and the other by Thomas G. McBride, collided at the intersection of Wisconsin avenue with Randolph street in the village of Oak Park, in Cook county. Marie Clancey was injured and her automobile was damaged in the collision. To recover compensation for the damage to her car, she sued McBride before a justice of the peace. After a trial, judgment was rendered in her favor for $275 and McBride satisfied the judgment. Subsequently she instituted suit in the superior court of Cook county against McBride to recover damages for her personal injuries. The defendant interposed as a bar to the action the rendition of the judgment by the justice of the peace and its subsequent satisfaction, but the court excluded this defense. The jury awarded the plaintiff $2000; the court required a *remittitur* of $500 and rendered judgment for $1500 and costs against the defendant. He prosecuted an appeal to the Appellate Court for the First District. The Appellate Court held that since a single tortious act caused both the damage to the plaintiff's automobile and the injuries to her person, she could maintain only one suit for the damages which ensued and consequently that the judgment rendered by the justice of the peace for the property damage constituted a bar to the instant suit. Accordingly that court reversed the judgment of the superior court and remanded the cause with directions to enter judgment for the

defendant. Upon the petition of the plaintiff, this court granted a writ of *certiorari* and the record is here for a further review.

The plaintiff in error contends, in substance, that the common law recognizes distinct and separate rights in respect of the person and his property; that separate actions may be brought to recover damages for injuries to the first and damage to the second although both resulted from the same tortious act, and hence, that a judgment for the property damage is not a bar to a subsequent suit to recover damages for the personal injuries. The defendant in error asserts, on the contrary, that by the great weight of American authority, a single tort resulting in personal injuries and property damage gives rise to one indivisible claim or cause of action; that all damages must be assessed and recovered in a single action, and that, if successive suits are brought for constituent elements of the entire claim, a judgment on the merits in one suit will be available as a bar to the prosecution of the other suits, although the court which rendered the judgment was one whose jurisdiction was limited and did not possess the power to adjudicate upon other elements of the claim.

The only question raised is whether a tortious act which causes a personal injury and property damage gives rise to a single cause of action or to a cause of action for each of the two rights infringed. A number of courts have declared that a single wrongful act, which causes injury or damage with respect to different rights, creates but one cause of action since it grows out of the act itself and not out of its results, and that the injury and damage occasioned by the act are merely items of a single claim proceeding from the same wrong. (*Birmingham Southern Railroad Co.* v. *Lintner,* 141 Ala. 420; *Jenkins* v. *Skelton,* 21 Ariz. 663; *Seger* v. *Town of Barkhamsted,* 22 Conn. 289; *Cassidy* v. *Berkovitz,* 169 Ky. 785; *Doran* v. *Cohen,* 147 Mass. 342; *King* v. *Chicago, Milwaukee and St. Paul Railway Co.* 80 Minn. 83; *Kimball* v. *Louisville and Nashville Railroad Co.*

94 Miss. 396; *Fields* v. *Philadelphia Rapid Transit Co.* 273 Pa. 282; *Smith* v. *C., N. O. and T. P. Railway Co.* 136 Tenn. 282; *Sprague* v. *Adams,* 139 Wash. 510). In England and in certain States, it has been held that injury to the person and damage to property resulting from the same wrongful act give rise to a distinct cause of action for each of the rights infringed. *Brunsden* v. *Humphrey,* L. R. 14 Q. B. Div. 141; *Reilly* v. *Sicilian Asphalt Paving Co.* 170 N. Y. 40; *Ochs* v. *Public Service Railway Co.* 81 N. J. L. 661; *Watson* v. *Texas and Pacific Railway Co.* 8 Tex. Civ. App. 144.

An action for the negligent management of a movable chattel, such, for example, as a motor vehicle, is based upon the principle that a person, who, contrary to his duty, conducts himself negligently in the management of that which contains in itself an element of danger to others, is liable for the injury or damage caused by his want of care or skill. The negligence of the defendant and the harm to the plaintiff are both essential elements of the action. An action for negligence is not brought to establish a bare right but to recover compensation for substantial injury or damage. The gist of the action is the harm to person or property negligently perpetrated. To support such an action there must be not only the negligent act, but also a consequential injury or damage which is the gravamen of the charge. It follows that the mere negligent driving of his automobile by the defendant in error, not followed by injury to the person of the plaintiff in error or damage to her automobile, would not have subjected the former to an action for damages by the latter.

A single negligent act from which personal injury and property damage ensue simultaneously, does not necessarily make its consequences inseparable or result in a single grievance. If two persons are injured by the same tortious act, two grievances result and two actions are maintainable. Likewise, if the same negligent act causes injury to a per-

son and damage to the property of another in his custody, two causes of action arise,—one in favor of the person injured and the other to the owner of the damaged property. On the other hand, if a horse and vehicle owned by the same person are damaged by the wrongful act of another, the owner will have a single cause of action for the damage to both. If, however, as the result of such an act, the owner is injured and his vehicle is damaged, two separate and distinct wrongs are inflicted upon him for two of his rights, first, the right to the uninterrupted enjoyment of his body and limbs, and second, the right to have his property kept free from damage, are invaded. While both wrongs result from a single tortious act, yet the consequences of that act, it seems, give rise to a distinct cause of action for the vindication of each of the violated rights.

Lord Justice Bowen, in *Brunsden* v. *Humphrey, supra,* observed that "it certainly would appear unsatisfactory to hold that the damage done in a carriage accident to a man's portmanteau was the same injury as the damage done to his spine." The Court of Appeals of New York, in *Reilly* v. *Sicilian Asphalt Paving Co. supra,* said: "If, while injury to the horse and vehicle of a person gives rise to but a single cause of action, injury to the vehicle and its owner gives rise to two causes of action, it must be because there is an essential difference between an injury to the person and an injury to property, that makes it impracticable, or at least very inconvenient, in the administration of justice, to blend the two. We think there is such a distinction." Illustrations of the distinction are not wanting. The plaintiff cannot assign his right of action for an injury to his person. (*Wilcox* v. *Bierd,* 330 Ill. 571; *North Chicago Street Railroad Co.* v. *Ackley,* 171 id. 100). Such a right of action cannot be reached by a creditor's suit; nor does a trustee in bankruptcy take title to it. A right of action for a tort causing damage to property, on the contrary, is assignable; creditors may seize it by a bill in equity; it will pass to a trustee in

bankruptcy, and an indemnifier will acquire it by subrogation. (7 Corpus Juris, 131; 15 id. 1402). If the personal injury result in death, a cause of action arises by statute for the benefit of the widow and the next of kin of the decedent, while the right to recover for the damage to property is preserved for the benefit of the decedent's estate. The evidence establishing an injury to the person cannot be the same as the evidence showing damage to property for the determination of the character and extent of the plaintiff's personal injuries differs essentially from the ascertainment of his property damage. Other issues peculiar to each right or claim, such, for example, as the title to the property damaged, may also be raised. The periods of limitation too are different since an action for damages for an injury to the person must be commenced within two years, while an action to recover for damage to property may be brought within five years next after the cause of action accrued.

The differences in the rules governing assignability and subrogation, in the methods of enforcement, in the evidence required to sustain, in the distribution of the proceeds, and in the periods of limitation, above stated, militate against the doctrine that out of a single wrongful act only one cause of action to redress injury to the person and damage to property can arise. To cite a single instance, it would be highly impracticable, if not impossible, to determine a case involving claims for personal injury and property damage, where the right of action for the damage to property had passed to a receiver on a creditor's bill or to a trustee in bankruptcy without treating the latter claim as an independent cause of action. The differences noted, among others, justify the conclusion that where injury to the person and damage to property are caused by the same negligent act different rights are infringed for the vindication of which distinct causes of action exist. Manifestly these causes of action accruing to the same person may be joined in a sin-

gle suit in a court of competent jurisdiction. The recovery of a judgment, however, for the damage to property is not a bar to a subsequent action to recover damages for injuries to the person. *Brunsden* v. *Humphrey, supra; Reilly* v. *Sicilian Asphalt Paving Co. supra; Ochs* v. *Public Service Railway Co. supra; Watson* v. *Texas and Pacific Railway Co. supra.*

The judgment of the Appellate Court is reversed, and the judgment of the superior court is affirmed.

*Appellate Court reversed;*
*Superior court affirmed.*