Amanda Ritter and Josephine Ritter Schmidt, Appellants, v. Louis G. Ritter, Appellee.

DADY, J., dissenting.

Opinion filed October 28, 1940. Rehearing denied February 20, 1941.

ELMER C. WEIHL and PHILIP G. LISTEMAN, both of East St. Louis, for appellants; WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, of counsel.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

Appellants, Amanda Ritter and Josephine Ritter Schmidt (hereinafter called plaintiffs), have appealed from a judgment of the circuit court of Monroe county,

sustaining a motion to dismiss plaintiffs' complaint and in bar of plaintiffs' action, which motion was filed by appellee, Louis G. Ritter (hereinafter called defendant).

The plaintiffs are the widow and daughter of Joseph Ritter, who died intestate, and they have filed their complaint against defendant to recover damages occasioned by them as a result of defendant's alleged wrongful conduct, arising out of a certain real estate transaction between defendant and the said Joseph Ritter during the latter's lifetime. In the complaint it is alleged, in substance, that the defendant and Joseph Ritter had agreed upon the purchase of certain property at a foreclosure sale, and that if there was no redemption of said property, the said Joseph Ritter, as a result of the advancement by him of a certain sum of money, was to receive a portion of such property known as the "Nixon property" (defendant was to receive adjoining property). The certificate of purchase for the real estate involved was taken by the said defendant and Joseph Ritter, as joint tenants. Sometime thereafter the said Joseph Ritter became mortally ill and it is alleged he inquired of the defendant if he, the defendant, would endeavor to cheat the plaintiffs in this action, out of their interest in such property in the event of the said Joseph Ritter's death, but was advised by the defendant that he would not cheat the plaintiffs out of their property, and that they would obtain title to the Nixon property as was agreed upon.

It is further alleged in the complaint that such representations were made by the defendant for the false and fraudulent purpose of lulling the said Joseph Ritter into a sense of false security, and to prevent him from severing the joint tenancy relationship in the certificate, and from conveying his interest in the premises to the plaintiffs. It is, likewise, alleged that after the death of Joseph Ritter, the defendant, for the purpose of cheating and defrauding the plaintiffs,

presented the certificate of purchase to the master in chancery and caused a master's deed to be executed to him, the defendant, which he thereupon filed for record. After plaintiffs had demanded that defendant convey such property to them he refused to do so, but claimed to be the sole owner thereof. It is then alleged in the complaint that in order to protect their rights in the said Nixon property, it was necessary for plaintiffs to institute a chancery suit against defendant in the circuit court of Monroe county, which suit was contested by defendant, who claimed ownership of the property. Such action was prosecuted to a successful conclusion, and a decree was entered in said cause, ordering defendant to convey said real estate to plaintiffs, as well as directing certain other specific relief.

Plaintiffs, likewise, allege that by reason of the conduct of the defendant, plaintiffs were required to institute such action, and were required to expend a large sum of money for attorney's fees and other expenses, which were necessary to the successful prosecution of said suit. Plaintiffs pray for judgment in the sum of $5,000, and costs.

In a second count, in addition to the allegations contained in the first count, plaintiffs aver that the acts of defendant were wilful and malicious, and were done for the purpose of cheating and defrauding plaintiffs, and in such count plaintiffs pray for punitive damages in addition to actual damages sustained by them.

Defendant filed a motion to dismiss the complaint, alleging, in substance, that the complaint was insufficient in law and failed to state a cause of action or establish any right in plaintiffs to recover damages against defendant, and also, that the complaint showed upon its face that the matters therein alleged were adjudicated in the previous chancery action hereinabove referred to, which was instituted by plaintiffs as against defendant, and that, therefore, the judgment rendered in the previous cause is ''res adjudicata''

and is a bar to the claims and demands of plaintiffs set forth in the complaint filed in the instant cause. The court allowed defendant's motion and entered judgment in bar of plaintiffs' action and for costs.

On appeal to this court, it is contended by plaintiffs, and denied by defendant, that said complaint states a cause of action, and that the former decree referred to in the statement of facts, and in the complaint, is not "res adjudicata" as to the matters presented in the complaint.

While it is true that as a general rule, and in the absence of any contractual or statutory liability therefor, attorney's fees and expenses incurred by a plaintiff, or which a plaintiff is obliged to pay in litigation of his claim against a defendant, are not recoverable as damages against the defendant because they are deemed to be too remote (*Matarrese v. Monaco,* 274 Ill. App. 457; *Chicago Coliseum Club v. Dempsey,* 265 Ill. App. 542), still, it has been well established in this and other States that, if a defendant's intentional wilful and wrongful conduct results necessarily in plunging a plaintiff into litigation and in causing him to incur expenses in protecting his property rights, the conjunction of wrong and damage in such circumstance gives rise to a cause of action on behalf of such plaintiff, as against the wrongdoer (*Himes v. Keighblingher,* 14 Ill. 469; *McEwen v. Kerfoot,* 37 Ill. 530; *Philpot v. Taylor,* 75 Ill. 309).

It is contended by the defendant that, while this principle operates if a plaintiff is forced into litigation with a third party, it does not apply where the wrongful acts of a defendant have involved plaintiff in litigation with the same defendant in a previous action. A rule, quoted from certain legal compilations by defendant, is advanced, which, in substance, declares that the right to recovery in a case of this character applies only when plaintiff has been previously involved in litigation with others than the defendant as

the result of previous wrongful acts of the wrongdoer who is later made a defendant in the action in which the attorney's fees are sought to be recovered. Defendant contends that it is only when such litigation with third parties is undertaken, or forced upon a plaintiff, that the attorney's fees incurred can be treated as a legal consequence of the wrongful act of a defendant. We cannot agree with such contention.

In our opinion, no sound distinction is to be made between instances, where the wrongful act of the defendant necessitates action by plaintiff as against that defendant, and cases where action against third parties is required to be undertaken in order to repair the damages which may have been done by such wrongdoer. It would indeed be anomalous if a defendant, by arbitrary action of the character outlined in the complaint, could defeat the right of a plaintiff to recover damages by retaining title in himself and refusing to make a conveyance to a plaintiff. In our opinion, the result of a defendant's wrongful conduct, where action is required to be instituted against such defendant, is equally as apparent as it is in cases where action would be required to be instituted or defended as against third parties. We realize that the doctrine involved in the instant case must be limited to such cases as clearly demonstrate that legal action is necessarily required on the part of a plaintiff to protect certain property rights as a result of the wrongful or malicious conduct of a defendant. The legal expenses incurred in such necessary action may furnish the proper basis for a cause of action as against defendant. We, therefore, feel that the complaint herein states a cause of action.

It is likewise contended by defendant that the former decree in the chancery action, in which the right of the plaintiffs to the property was adjudicated, acts as an estoppel, and that the doctrine of "res adjudicata" applies so as to prevent the assertion in this action of

plaintiffs' claim for damages occasioned by defendant's wrongful conduct. From the record before us it appears that the claim of plaintiffs, which is asserted in the complaint in the instant case, was not presented, considered, or passed upon in any way in the previous action. The contention which has been advanced that the fact that the claim of plaintiffs might have been asserted in the chancery action which was previously litigated, forever bars its assertion in a subsequent action, is not sound. While the right to recovery in this case, grows out of the former litigation, and is founded upon it, the claim for damages was not asserted, nor passed upon, in any manner, in the previous litigation, and it would not be requiring the parties to relitigate the previous proceeding in any manner since there has been no final decision in the prior case as to the precise subject matter involved in the instant case (*Smith v. Rountree*, 185 Ill. 219; *Brown v. Brown*, 286 Ill. App. 471). The claim of plaintiffs constitutes a separate and distinct claim, and plaintiffs have the right to institute a separate suit on such claim (*Clancey v. McBride*, 338 Ill. 35; *Quinn v. Ohlerking*, 37 Ill. App. 315).

We must, therefore, conclude that the action of the circuit court of Monroe county, in sustaining the motion to dismiss, and in entering judgment in bar of plaintiffs' action, was erroneous.

This cause will, therefore, be reversed and remanded to the circuit court of Monroe county, with directions to overrule defendant's motion to dismiss, and to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded.*

MR. JUSTICE DADY dissenting: I disagree with the majority opinion.

In no one of the cases cited in such opinion was a recovery allowed for expenses incurred in prior liti-

gation between the same parties as those involved in the subsequent suit. No authority has been brought to our attention holding that the party successful in any legal proceeding (except perhaps in suits for malicious prosecution of a civil suit without probable cause where the defendant has been arrested or his property seized or he has received special injury not necessarily resulting in all suits prosecuted to recover for like causes of action) can in a subsequent proceeding recover from the party who was unsuccessful in the first proceeding attorney's fees or other expenses incurred by the party successful in such first proceeding. Apparently the precise question has not been previously passed upon this State. In *Smith v. Michigan Buggy Co.*, 175 Ill. 619, the court said: "Such ordinary trouble and expense, as arise from the ordinary forms of legal controversy, should be endured by the law-abiding citizen as one of the inevitable burdens, which men must sustain under civil government."

In 39 American Law Reports Annotated, page 1218, there is an extensive collection of authorities on the question and the author says: "Apart from the decisions resulting from the view entertained in some states that an action will lie for damages occasioned by the institution of a civil suit without reasonable or probable cause, it has been uniformly held that payment of the legal costs incurred in the action is the full measure of liability incurred by an unsuccessful litigant. . . . It follows that the expense incurred by the successful party in a suit, over and above the taxable costs, cannot be made the basis of a subsequent action against the unsuccessful party."

In 17 Corpus Juris, page 811, it is said: "Where an action based upon some wrongful act has been prosecuted by plaintiff against defendant to a successful issue, he cannot in a subsequent action recover his costs and expenses in the former action as damages."

The majority opinion in the present case uses the argument that inasmuch as such expenses can be re-

covered when incurred in prior litigation between plaintiff and a third party, recovery should also be permitted when such prior litigation was between the same parties as are plaintiff and defendant in the second suit. The Supreme Court of Washington considered this same argument in the case of *Choukas v. Severyns*, 3 Wash. (2d) 71, 99 P. (2d) 942, and refused to permit recovery in a case involving only the immediate parties to the original suit although such court said it had already committed itself to the doctrine that such expenses incurred in litigation with third parties could be recovered. In *Perlus v. Silver*, 71 Wash. 338, 128 Pac. 661, the court said: "There is no common-law principle that permits a successful litigant to recover from his losing adversary the costs and expenses of the litigation. Hence, if such a right exists, it must be statutory. The legislature of this state has given to the successful litigant the right to have certain items of expenses taxed as costs; but these must be taxed in the original action and not recovered by subsequent suit. There being neither common-law nor statutory authority for maintaining the cause of action in the instant case for the costs and expenses of the previous litigation, the nonsuit as to this was also properly granted." (See *Leslie v. Carter*, 268 Mo. 420, 187 S. W. 1196.)

I believe the danger inherent in allowing suits of this character to be maintained is well indicated by the language used by our own Supreme Court in the *Smith v. Michigan Buggy Co.* case, *supra*. In that case the plaintiff brought suit to recover damages alleged to have been sustained by him in a prior civil suit which prior suit he claimed defendant had brought against him maliciously and without probable cause. The court held that the plaintiff had no cause of action and in the course of its opinion said at pages 628 and 629: "On the other hand, it must be remembered that the courts are open to every citizen; and every man has a right to come into a court of justice and claim what he claims

to be his right without fear of being prosecuted for heavy damages. If such actions are allowed, it might oftentimes happen that an honest suitor would be deterred from ascertaining his legal rights through fear of being obliged to defend a subsequent suit, charging him with malicious prosecution.'' Of course such principal of law applies equally to all litigants, whether plaintiff or defendant. The court further said: ''Those, who favor this species of action, also claim that, if the courts refuse to allow such actions to be maintained, litigation will be encouraged, and causeless and unfounded civil suits will be apt to be brought. On the contrary, the danger is that litigation will be promoted and encouraged by permitting such suits as the present action to be brought. This is so, because the conclusion of one suit would be but the beginning of another. A defendant, who had secured a favorable result in the suit against him, would be tempted to bring another suit for the purpose of showing, that there had been malice and want of probable cause in the prosecution of the first suit which he had won. Litigation would thus become interminable. Every unsuccessful action would be apt to be followed by another, alleging malice in the prosecution of the former action. There would thus be substantially a trial of every lawsuit twice instead of once, because in order to show that the first suit was malicious and without probable cause, it would be necessary to go. over again the material facts that had been developed by the proof in such suit.''

In the instant case the attorney's fees and other expenses sought to be recovered were incurred in the successful prosecution of a chancery proceeding by the present plaintiff against the present defendant. In *Patterson v. Northern Trust Co.*, 286 Ill. 564, 568, the court said: ''Any party claiming a judgment for his costs against his adversary must bring himself within the operation of some statutory provision, and

courts have no power to adjudge costs against any one on merely equitable grounds.'' In *Rasch v. Rasch,* 278 Ill. 261, 275, the court said: ''We have repeatedly held that solicitors' fees cannot be taxed as costs against the unsuccessful party in a chancery proceeding in the absence of a statute making provision for the allowance of such fees as costs.'' I believe it follows from such cases that in the chancery proceeding brought by the present plaintiff against the present defendant, the court would have been powerless, even on equitable grounds to have allowed the plaintiff the attorney's fees or other expenses sought to be recovered in the present proceeding. If such expenses, including attorney's fees, could not have been allowed in such chancery proceeding, I am at a loss to understand how they can properly be allowed in the present proceeding.

In my opinion there is another ground which prevents the maintenance of the present suit. Assuming that plaintiff was entitled to be reimbursed for such expenses, the chancery court had the power in such chancery proceeding to settle all questions incident to the relief therein sought, even if it was necessary in such proceeding to pass upon purely legal rights which would otherwise be beyond the scope of the court's authority (*Stickney v. Goudy,* 132 Ill. 213), and in the exercise of such power the chancery court had the right to pass upon the question of the allowance of such expenses. The doctrine of *res judicata* is limited not only to the issues actually involved and determined in the first suit but extends to every other matter which might have been raised and determined in such suit. (*People ex rel. DeCola v. United States Fidelity & Guaranty Co.,* 306 Ill. App. 518.) Therefore, in my opinion the subject matter of the relief that plaintiff was entitled to from defendant because of the misconduct of defendant is *res judicata,* and cannot be again adjudicated.