Amanda Ritter and Josephine Ritter Schmidt, Appellees, v. Louis G. Ritter, Appellant.

DADY, J., dissenting.

Opinion filed March 2, 1942.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

ARCHIE P. WEIHL, PHILIP G. LISTEMAN and JOSIAH WHITNEL, all of East St. Louis, for appellees; WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Monroe county, in favor of appellees, Amanda Ritter and Josephine Ritter Schmidt (hereinafter called plaintiffs), and against appellant, Louis G. Ritter (hereinafter called defendant), in the sum of $2,007 and costs, for attorneys' fees and expenses, in connection with the recovery of title to certain real estate.

This matter has previously been considered in this court in the case of *Ritter v. Ritter,* 308 Ill. App. 337, in which case the facts, as set forth in the pleadings, were specified in detail. We shall not repeat those facts in this opinion, other than to state that in that case it was the decision of this court that the defend-

ant's motion to dismiss, which was based upon the contentions that (First) No cause of action was stated, and (Secondly) The doctrine of "res adjudicata" operated to bar the plaintiffs' action, was overruled, and further proceedings were had in the circuit court of Monroe county, as the result of which the judgment now appealed from was entered. No contention is made that the amount of the judgment in this matter is excessive.

In subsequent pleadings in the circuit court, and in the evidence as presented in that court, no new or additional issues were raised by the defendant, and the defendant now presents this matter on appeal to this court upon substantially the same issues as were raised in the previous appeal, that is: It is the contention of the defendant, basically, (First) That there is no right of recovery in the plaintiffs, under the facts, of attorneys' fees and expenses of litigation; and (Secondly) That the decree in the chancery suit originally instituted by the plaintiffs, as against the defendant, under the doctrine of "res adjudicata," bars the plaintiffs from maintaining the present action against the defendant.

As we indicated previously in this court (*Ritter v. Ritter*, 308 Ill. App. 337), in our opinion, there was no sound distinction to be made between instances where the wrongful act of a defendant necessitates action by a plaintiff, as against that defendant, and cases where action against third parties is required to be undertaken in order to repair the damages which may have been done by such wrongdoer. We pointed out that it would be inconsistent indeed if a defendant, by arbitrary action of the character involved in this proceeding, could defeat the right of a plaintiff to recover damages by retaining title in himself and refusing to make a conveyance to a plaintiff. No one has denied that if defendant had conveyed to a third party, or if, as a result of defendant's action, litigation

by the plaintiffs, as against a third party, was required, the expenses incurred by plaintiffs (including attorneys' fees) in protecting or reacquiring such property rights, could be recovered from the defendant and would give rise to a cause of action against the wrongdoer, under such circumstances. We then pointed out that the result of a defendant's wrongful conduct, where action is required to be instituted against such defendant, is equally as apparent as it is in cases where action would be required to be instituted as against third parties.

We also pointed out that the doctrine involved in the instant case must be limited to such cases as clearly demonstrate that affirmative legal action is necessarily required on the part of a plaintiff to protect certain property rights, as the result of wrongful or malicious conduct of a defendant, and that the legal expenses incurred in such necessary action could furnish the proper basis for a cause of action as against the defendant.

While it has been pointed out that there is probably no Illinois case or satisfactory precedent, which involves the precise facts which are found in the instant case, no amount of legal legerdemain, or casuistry, can alter the fact that the basic principle has long been established in granting a plaintiff a right to recover where action is necessitated to reacquire certain property, as against third parties. The simple issue which was involved in the prior determination of this court, that a cause of action exists in favor of the plaintiffs against this defendant, was whether or not the fact that the defendant retained title to property and refused to convey to plaintiffs (rather than transferring to a third party), would operate to deprive the plaintiffs of rights which the courts have long recognized that they would have against defendant under the same facts and circumstances if third parties were involved. We concluded on a previous appeal that

such right of action was the only logical and consistent conclusion to which the court could come, and that the plaintiffs had a right of action against the defendant for such legal expenses in this case.

Some confusion or misunderstanding is manifest from the contentions advanced by the appellant in this case, in which it is sought to use the language expressed in the case of *Smith v. Michigan Buggy Co.*, 175 Ill. 619, as the basis for a denial of a right to a recovery in the instant case. In the *Smith* case the plaintiff had instituted the action to recover damages alleged to have been sustained by him in a prior civil suit which he claimed that the defendant had brought against him maliciously and without probable cause. In that case the court properly stated that it would be a mistake to allow an action in favor of that plaintiff, as against the defendant, for the reason that it might oftentimes happen that "an honest suitor would be deterred from ascertaining his legal rights through fear of being obliged to defend a subsequent suit charging him with malicious prosecution."

It is obvious that the *Smith* case and the statements of the court can have no application whatsoever to the ruling announced in the previous appeal in this case, in which we concluded that plaintiffs have a right of action as against defendant for legal expenses resulting from the wrongful conduct of the defendant in the retention of the plaintiffs' property. The conclusion of this court on the previous appeal did not, either expressly or by implication, extend the doctrine which had previously been established in this State in such cases as *Himes v. Keighblingher,* 14 Ill. 469; *McEwen v. Kerfoot,* 37 Ill. 530, and *Philpot v. Taylor,* 75 Ill. 309, but simply applied it as against a defendant who has been guilty of wrongful conduct in the wrongful retention of certain property where such defendant makes necessary, action against him (rather than action against a third party). The conclusion certainly

did not, in any manner, operate to modify or depart from the conclusion in the case of *Smith v. Michigan Buggy Co., supra,* which involved facts and circumstances of an entirely different character. As a matter of fact, the conclusion of this court, on the previous appeal, in allowing plaintiffs a recovery of legal expenses, as against this defendant, actually operated to encourage honest suitors to ascertain their legal rights and, as the courts of this State have long concluded that it should, operates only to the detriment of a wrongdoer who seeks to deprive a plaintiff of property rights, under the facts as are presented in the instant case.

It should be apparent that the conclusion in this case is not an expansion of a doctrine established by previous decisions, but is simply the recognition of an established rule and its application to the facts in this case. There have been some loose references to public policy in connection with the allowance of a recovery of the character involved herein, as against a party to an action, but, as we have sought to point out, considerations of public policy and justice are equally as clear under the state of facts in this case as they would be if the original action had been instituted as against the third party. We cannot arbitrarily deny a plaintiff recovery in cases such as the instant case—which comes squarely within the limited class of cases where such recovery is authorized—simply because some errors of conception have resulted in erecting a misapplication of principle and of text language (through vague statements relating to attorneys' fees) into a so-called "rule of damages." Lawyers, yes—even judges—are sometimes properly censured for attempting to be technical before they are realistic or just. No precedent in this State requires that we indulge in the absurdity of denying rights to a plaintiff as against a defendant, which we would have in the identical circumstances if a prior action had

involved a different party and the conduct of the defendant had been even less reprehensible than was true in the instant case. We will not take a hand in giving such an illogical an unsound conclusion the blessing of judicial approval in this State.

We have discussed this matter at length, not because it should be again adjudicated on this appeal, but simply as a means of clarification of the issues before this court. As was stated in the case of *People ex rel. Kastning v. Militzer,* 301 Ill. 284, at page 287, "The law is well settled that questions of law which have been decided by an Appellate Court on the appeal of a cause will not be again considered on a second appeal; that they are binding not only on a Trial Court in the further progress of the cause, but also on the Appellate Court in any subsequent appeal. 'There is no mode provided by law, except it be upon a rehearing, whereby a final decision of a case in this Court can be reversed or set aside at a subsequent term. There must be an end of litigation somewhere, and there would be none if the parties were at liberty, after a case had received the final determination of the Court of last resort, to litigate the same matter anew and bring it again and again before the Court for its decision.'" It is our conclusion, therefore, that the questions of law which have been decided by this court on the previous appeal in this cause, have become the law of the case, and they will not again be considered by this court on this appeal.

As we have stated, it was our conclusion that the intentional wrong of the defendant necessarily resulted in litigation by plaintiffs in defense of title to their property and gave plaintiffs a cause of action against defendant for the damage proximately result ing from the tort, which damage is reasonably measured by the expenses of plaintiffs (including attorneys' fees) in the defense of their property rights. We also determined that the former chancery action between

the parties hereto, and the decree therein, was not an adjudication of the issues involved in the present suit between the parties. We pointed out that the cause of action in this case was in tort for damages and was entirely separate and distinct from the cause of action in the chancery case, which was to compel the conveyance by defendant to plaintiffs of title to realty, which defendant had wrongfully acquired and that, therefore, the doctrine of "res adjudicata" did not prevent the assertion of plaintiff's claim for damages in this proceeding (*Clancey v. McBride,* 338 Ill. 35; *Quinn v. Ohlerking,* 37 Ill. App. 315; *People ex rel. Adams v. McKibben,* 377 Ill. 22).

It is contended by defendant, however, that since the rendition of the previous opinion in this proceeding, as a result of the case of *Skolnik v. Petella,* 376 Ill. 500, decided by our Supreme Court, that the principle of "res adjudicata" has been extended by such court, and that our previous conclusion on the former appeal in this case should, therefore, be reversed on this point. We have examined the *Skolnik* case with care and find no basis for changing our previous conclusion. The *Skolnik* case involved a foreclosure of a mortgage by a trustee on behalf of bondholders, in which the mortgagors and subsequent purchasers who assumed the mortgage, were made defendants and in which, after a foreclosure sale, a deficiency decree was entered against the mortgagors, but not against the other defendants on their contract of assumption. The court concluded that the bondholders could not thereafter sue the other defendants on their contract of assumption for the reason that the court in the foreclosure proceeding had express statutory power to render a personal judgment against anyone liable for any deficiency, over whom it had personal jurisdiction. It is stated in one of the opinions rendered in that case at page 504, that, "the principles of 'res adjudicata,' . . . are limited to *one cause of action con-*

*cerning one subject matter*, taking in not only all that was adjudicated in the prior action, but all that might have been." The distinction which should be emphasized in determining whether or not the doctrine of "res adjudicata" is applicable rests fundamentally in the recognition of the fact that in the instant case there was not one cause of action which was involved between the parties, but two separate and distinct causes of action.

As was stated in the case of *People ex rel. Adams v. McKibben*, 377 Ill. 22, which was decided by our Supreme Court after the *Skolnik* case, at page 25, "there is a difference between the effect of a judgment as a bar against a prosecution of a second action between the same parties upon the *same* claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or demand. In the former, it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose (*Harding Co. v. Harding*, 352 Ill. 417; *Barry v. Commonwealth Edison Co.*, 374 Ill. 473). Where, however, the second action between the parties is upon a different claim or demand, the judgment or ruling in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered (*Hoffman v. Hoffman*, 330 Ill. 413; *Barry v. Commonwealth Edison Co.*, *supra*)."

In the chancery action against defendant for the purpose of compelling the conveyance of real estate, the title to which defendant had wrongfully acquired, it was determined, as a fact, that defendant had been guilty of certain wrongful conduct towards plaintiffs. That wrongful conduct necessarily required plaintiffs to institute the chancery suit to protect and preserve

their title to real estate. The expense of such suit was "damage which proximately resulted from defendant's tort." In the chancery action the issues were tried without a jury, while in the action for damages the parties were, if they desired, entitled to a jury trial. As a matter of fact, plaintiffs' damage could not be determined until the conclusion of the chancery case, including an appeal, if one had been taken. While we believe that such claim for damages might have been asserted in that proceeding, the plaintiffs, likewise, had the right to assert it in the subsequent proceeding involved herein. Under the facts, to have attempted to litigate the plaintiffs' claim for damages before the entry of the decree in that case, and then to have relitigated the matter after the entry of the decree, if there had been an appeal, would have resulted in confusion and would truly have been "trying the matter piecemeal."

The claim of the plaintiffs, as we stated in our previous opinion, constituted a separate and distinct claim, and plaintiffs had the right to institute a separate suit on such claim. It cannot be stated, under such circumstances, that either the parties or the courts, in the language of the *Skolnik* case, are "twice vexed with the same cause of action."

If we were to adhere to the contentions made by the appellant, the doctrine of "res adjudicata" would be required to be given a new orientation, tantamount to the conclusion that the fact that a claim might have been asserted in an action required that, at all hazards, it must be asserted in such action. That would be a most dangerous precedent and, we believe, completely unsound.

We venture to predict that the effect of this decision will be wholesome and, like all decisions based on a sound application of principles of justice, will produce none of the difficulties which seemed to disturb the appellant in this case.

There being no reversible error in the proceedings of the circuit court of Monroe county in this cause, the judgment of such circuit court is, accordingly, affirmed.

*Judgment affirmed.*

Mr. Justice Dady dissenting: I disagree with the majority opinion for the reasons set forth in my dissent in the previous appeal of this case, as reported in 308 Ill. App. 337.

In my opinion there are no novel facts in the present case which warrant a departure from the general rule that attorneys' fees and expenses of litigation cannot be recovered as damages by a plaintiff who has been forced into litigation with a defendant by reason of defendant's wrongful conduct, where such plaintiff has been successful in such litigation. The majority opinion indicates that there is no case to be found in point and yet recovery was denied in the following cases in which the plaintiffs, as in the case at bar, were forced into litigation by the defendants in order to protect some property right. (*Toop v. Palmer*, 108 Neb. 850, 189 N. W. 394; *Stickney v. Goward*, 161 Minn. 457, 201 N. W. 630; *Leslie v. Carter*, 268 Mo. 420, 187 S. W. 1196; *Choukas v. Severyns*, 3 Wash. (2d) 71, 99 P. (2d) 942; *Perlus v. Silver*, 71 Wash. 338, 128 Pac. 661.) In none of these cases did the court consider the fact that plaintiff was forced into litigation with defendant in order to protect his property rights as against such defendant, as a sufficient reason for establishing a new rule of damages.

The majority opinion is based upon the premise that because recovery of such damages is allowed in collateral litigation, it should also be allowed where the litigation is between the same parties. The number of cases in which a defendant by his wrongful conduct forces litigation upon a plaintiff with a third party is certainly infinitely fewer than cases where the litigation is between the same parties. Where recovery is

limited to cases involving litigation with other parties, the rule permitting recovery is not difficult to administer. However, if recovery of such damages is to be permitted even in the class of cases as limited in the majority opinion to instances where "legal action is necessarily required on the part of a plaintiff to protect certain property rights as the result of wrongful or malicious conduct of a defendant," it is apparent that an entirely new type of claim will hereafter be asserted in a vast number of cases, either in the original action between the parties or in a later separate suit, and in each such case the court will be required to determine whether the circumstances justify the assessment of attorneys' fees and expenses in addition to the costs of suit.

In the instant case the attorneys' fees and expenses were incurred by plaintiffs in asserting their claim in chancery that defendant was a constructive trustee in their behalf of a parcel of property. If recovery is to be permitted in this case it should be allowed at least in all constructive trust cases, and there would be no logical reason for restricting recovery to this class of cases alone. The vista thus opened up of new litigation may be appealing to some members of the bar, but I do not think that the public interest would benefit by rewarding successful plaintiffs in this manner. The question might well be asked, if recovery is to be allowed to the plaintiffs in such cases, why should it be denied to defendants who are required to defend their property rights against groundless claims either wrongfully or maliciously asserted by plaintiffs. I am still of the opinion that a sound public policy requires both the successful plaintiffs and defendants in cases of this character to pay their own attorneys' fees and expenses of litigation.

The additional cases cited in the majority opinion on the question of *res adjudicata* fail to convince me that, if plaintiffs were legally entitled to recover their

attorneys' fees and expenses as damages, they are not now barred by reason of their failure to assert this claim in the original chancery proceedings. The claim for damages is clearly based upon the wrongful conduct of defendant in refusing to convey title to plaintiffs, and the majority admit in their opinion that this claim could have been asserted in the original proceedings. There was only one breach of duty on the part of the defendant, and plaintiffs were entitled to all damages flowing from that single breach, including attorneys' fees and expenses of litigation if these were to be considered as a part of the damages. I do not understand why the claim for these particular damages should constitute a distinct and separate cause of action which the plaintiffs at their election can assert either in the original proceeding or in a subsequent suit as provided in the majority opinion. This same question was carefully considered by the courts in the cases of *Leslie v. Carter, supra*; and *Van Horne v. Treadwell*, 164 Cal. 620, 130 Pac. 5, and in both cases recovery was denied in the subsequent suit on the ground that the claim for such damages, if such a claim existed, should have been asserted in the prior proceeding. The principle laid down in these cases furnishes a further reason for denying recovery to the plaintiffs in this case.